

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

United States of America,

—v—

Minh Quang Pham,

                Defendant.

---

12-CR-423 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

On October 26, 2015, the Defendant filed a motion requesting Rule 15 depositions, letters rogatory, testimony via closed-circuit television, and guarantees of safe passage. *See* Dkt. No. 52. For the reasons articulated below, these requests are denied.

## I.      BACKGROUND

On May 24, 2012, the Defendant was indicted in the Southern District of New York on charges including material support to a foreign terrorist organization, conspiracy to provide material support to a foreign terrorist organization, receipt of military-type training from a foreign terrorist organization, conspiracy to receive military-type training from a foreign terrorist organization, and possessing, carrying, and using a firearm in relation to a crime of violence. *See* Dkt. No. 3. Thereafter, the United States sought to extradite the Defendant, who was a British citizen, from the United Kingdom. *See* Dkt. No. 7 Ex. A at 2, 17-18. The Defendant arrived in the United States in late February of 2015 and was arraigned on March 4, 2015.

On October 26, 2015, the Defendant moved for depositions of defense witnesses located in the United Kingdom pursuant to Federal Rule of Criminal Procedure 15. *See* Dkt. No. 52. Per the Court's October 27, 2015 Order, *see* Dkt. No. 55, the Government submitted its opposition on November 3, 2015. *See* Dkt. No. 58. On November 13, 2015, the Court ordered that the Defendant's reply, if any, be submitted by November 18, 2015. *See* Dkt. No. 63. As of December 1, 2015, the Court has not received any reply and thus deems the motion fully briefed.

1

## II.     LEGAL STANDARD

Federal Rule of Criminal Procedure 15 permits deposing a prospective witness "in the interest of justice" if justified by "exceptional circumstances." Fed. R. Crim. P. 15(a)(1). Such "exceptional circumstances" exist if a "witness'[s] testimony is material to the case and if the witness is unavailable to appear at trial." *United States v. Johnpoll*, 739 F.2d 702, 709 (2d Cir. 1984); *see also United States v. Cohen*, 260 F.3d 68, 78 (2d Cir. 2001) (Rule 15 requires that "the prospective witness is unavailable for trial" and that "the witness'[s] testimony is material"). A court has considerable discretion in deciding a Rule 15 motion. *United States v. Whiting*, 308 F.2d 537, 541 (2d Cir. 1962).

### A.     Unavailability

For the purpose of Rule 15, unavailability is "determined according to the practical standard of whether under the circumstances the [movant] has made a good-faith effort to produce the person to testify at trial." *Johnpoll*, 739 F.2d at 709 (witnesses who refused to travel to the United States were unavailable). A movant must provide specific reasons for a witness's unavailability; "[c]onclusory statements of unavailability . . . are insufficient." *United States v. Chusid*, No. 00-CR-0263 (LAK), 2000 WL 1449873, at *1 (S.D.N.Y. Sept. 27, 2000) (*citing Whiting*, 308 F.2d at 541).

### B.     Materiality

Testimony is material within the meaning of Rule 15 if it is "highly relevant to a central issue in the case." *See United States v. Vilar*, 568 F. Supp. 2d 429, 440 (S.D.N.Y. 2008) (quoting *United States v. Drogoul*, 1 F.3d 1546, 1556 (11th Cir. 1993)). When the Defendant requests Rule 15 depositions, the testimony sought should "challenge central aspects of the government's allegations." *United States v. Grossman*, No. S2-03-CR-1156 (SHS), 2005 WL 486735, at *4 (S.D.N.Y. Mar. 2, 2005); *see also United States v. Ismaili*, 828 F.2d 153, 161 (3d Cir. 1987) (testimony sought via Rule 15 motion should "negate the crux" of the government's case).

To demonstrate materiality, the movant need not "produce affidavits from the witnesses as to their proposed testimony." *Vilar*, 568 F. Supp. 2d at 440 (collecting cases rejecting such a requirement) (internal quotation marks omitted); *cf. Chusid*, 2000 WL 1449873, at *2 (the fact that witnesses did not submit affidavits suggested they would not voluntarily appear for a deposition). However, any proffer of testimony "must alert the district court to the substance of the evidence that is at peril of being excluded." *Vilar*, 568 F. Supp. 2d at 440 (quoting *United States v. Ramos*, 45 F.3d 1519, 1523 (11th Cir. 1995)). In addition, "a court may properly deny [a] motion [to take depositions] if the proposed testimony would be cumulative" or inadmissible at trial. *United States v. Stein*, 482 F. Supp. 2d 360, 365 (S.D.N.Y. 2007) (quoting *Grossman*, 2005 WL 486735, at *3); *see also Drogoul*, 1 F.3d at 1555.

## III.   DISCUSSION

The Defendant requests depositions of five witness: (1) Ms. Huyen Pham, the Defendant's sister; (2) Ms. Eema Nawaz, the Defendant's wife; (3) Ms. Lubna Speitan, a close friend of the Defendant's; (4) Ms. Bola Sobowale, the Defendant's former employer; and (5) Dr. Rachel Thomas, a mental health professional who evaluated the Defendant in London in connection with his extradition proceedings. Br. at 2. In the alternative, the Defendant requests that these witnesses "testify live from London via CCTV [closed-circuit television]." Br. at 10.

### A.   Huyen Pham

The Defendant argues that Ms. Pham is unavailable within the meaning of Rule 15 because her visa has been revoked and she will thus be unable to travel to New York for trial. Br. at 4-5. According to the defense, Ms. Pham discovered her visa revocation while preparing for a business trip to the United States. *Id.* Although Ms. Pham went to the United States Embassy in London, she was unable to obtain more information. *Id.* at 5. She subsequently consulted an immigration attorney, "who suggested that the visa revocation was likely related to her brother's legal situation." *Id.* The revocation of Ms. Pham's visa, her subsequent attempts to contact the United States Embassy, and her consultation of an immigration attorney demonstrate "good-faith effort[s]" on her part to obtain a visa and testify at trial. *Johnpoll*, 739 F.2d at 709.

Despite these efforts, it does not appear that Ms. Pham will have her visa reinstated. Br. at 5. The Government makes no actual argument that this showing is insufficient to establish unavailability. *See* Opp. Br. at 21. The Court therefore concludes that this showing is sufficient to establish that Ms. Pham is unavailable within the meaning of Rule 15.

To explain why Ms. Pham's testimony satisfies Rule 15's materiality requirement, the Defendant indicates that he intends to offer a mental defect defense predicated on bipolar disorder. Br. at 4. To that end, the Defendant seeks Ms. Pham's testimony about his "mental health, mental state, and cognitive limitations." Br. at 8. Defense counsel proffers that Ms. Pham would testify that the Defendant "was a passive individual and never expressed any interest in committing violence or terrorism." *Id*. Additionally, she would "testify about [the Defendant's] interest in creating a peaceful Muslim Village." *Id*. Finally, Ms. Pham would "provide testimony concerning mental disorders of family members and physical and emotional abuse sustained" by the Defendant. *Id*. The Defendant argues that this testimony provides "material facts crucial to a mental defect defense." *Id*. at 9.

In opposing the motion on the materiality prong of the Rule 15 inquiry, the Government argues that the mental defect defense predicated on bipolar disorder described in the Defendant's submission violates the Insanity Defense Reform Act of 1984 ("IDRA"). Opp. Br. at 19 ("Testimony about mental disease should not be allowed where it is offered to support the conclusion . . . that the disease . . . impaired [the defendant's] ability to exert volitional control.") (quoting *United States v. Dupre*, 339 F. Supp. 2d 534, 540-41 (S.D.N.Y. 2004). The Government further argues that lay opinion testimony about "cognitive limitations" is not admissible under Rule 701 and that evidence of childhood abuse is irrelevant and highly prejudicial. Opp. Br. at 8 n.4, 22 n.9. Finally, the Government argues that testimony about the Defendant's good character (i.e. passivity) has limited probative value and thus does not satisfy the Rule 15 materiality requirement. Opp. Br. at 9-10.

Although the Defendant notes that he intends to offer evidence of bipolar disorder, he does not explain for what purpose this evidence would be offered or how it would be relevant.

4

Similarly, Defendant asserts that evidence of his passive character, cognitive limitations, and childhood abuse are "crucial to a mental defect defense" without explaining how. Br. at 9. This lack of explanation is particularly problematic given the Government's argument that the IDRA's restrictive definition of admissible mental defect evidence precludes such testimony. *See* 18 U.S.C. § 17 ("It is an affirmative defense . . . that, at the time of the commission of the . . . offense, the defendant . . . was unable to appreciate the nature and quality or the wrongfulness of his acts. Mental disease or defect does not otherwise constitute a defense."). The Government contends that the Defendant's bipolar disorder mental defect defense as described in the Defendant's submission is inadmissible under this standard and that related evidence of the Defendant's character and background is irrelevant, inadmissible, and prejudicial. Opp. Br. at 8 n.4, 9-10, 19, 22 n. 9. The Defendant has failed to submit any reply in the face of these arguments. In light of the Government's arguments and the Defendant's lack of response, the Defendant's showing is insufficient to meet its burden of demonstrating that the evidence sought is "highly relevant to a central issue in the case." *Vilar*, 568 F. Supp. 2d at 440 (citing *Grossman*, 2005 WL 486735, at *3). Because the Defendant has not made a sufficient showing as to the materiality of Ms. Pham's testimony, the Court will not authorize her deposition.

### B.    Eema Nawaz

The Defendant argues that Ms. Nawaz is unavailable within the meaning of Rule 15 because he believes that she will be unable to obtain a visa. Br. at 5. This belief is based on the revocation of Ms. Pham's visa. *Id.* However, it does not appear that Ms. Nawaz has made any attempt to obtain a visa, nor has she made any official inquiries about the likelihood that such an attempt would be futile. *Id.* Instead, the Defendant invokes only a subjective belief that Ms. Nawaz will be unable to enter the United States. *Id.* This suggests that the Defendant may not have made a sufficient "good-faith effort" to have Ms. Nawaz appear at trial. *Johnpoll*, 739 F.2d at 709.

Relatedly, the Defendant requests a guarantee of safe passage for Ms. Nawaz. Br. at 2. Although the Defendant does not elaborate on this request, it is presumably based on some fear

that Ms. Nawaz would be detained if she came to the United States. A court should not order the Government to provide a guarantee of safe passage to a witness. *See United States v. Abu Ghayth*, No. S14-98-CR-1023 (LAK), 2014 WL 144653, at *3 n.28 (S.D.N.Y. Jan. 15, 2014). Instead, if a witness justifiably fears being arrested in the United States, she is properly considered "unavailable" under Rule 15. *Id.* at *3. Although the Defendant requests safe passage for Ms. Nawaz, he does not actually argue that she is unavailable on this basis.

Even if Ms. Nawaz were unavailable, her proffered testimony suffers from the same materiality defects addressed above. As a result, the Court will not authorize a Rule 15 deposition of Ms. Nawaz.

### C.    Lubna Speitan

The Defendant seeks to take Ms. Speitan's deposition because a medical condition "prevents her from traveling by air." Br. at 5. Under the "practical" good-faith standard governing unavailability, *Johnpoll*, 739 F.2d at 709, inability to travel due to a medical condition may make a witness unavailable for trial. *See Cohen*, 260 F.3d at 78 ("medical reasons" can be sufficient to render a witness unavailable for trial). Here, however, the Defendant has not explained the nature of Ms. Speitan's condition or whether possible accommodations have been considered. The Defendant's showing is therefore insufficient to demonstrate to the Court that Ms. Speitan is in fact unable to travel and thus unavailable within the meaning of Rule 15. Additionally, Ms. Speitan's proffered testimony is comparable to that of Ms. Pham and suffers from the same materiality defects addressed above. For these reasons, the Court will not authorize a Rule 15 deposition of Ms. Speitan.

### D.    Bola Sobowale

According to the Defendant, Ms. Sobowale "has not responded to repeated inquiries [about] whether she would be willing to testify voluntarily and whether she is willing to travel to the United States." Br. at 9. For that reason, the Defendant seeks the issuance of letters rogatory to compel Ms. Sobowale's appearance at a Rule 15 deposition. Br. at 10. Here, the Defendant's repeated failed attempts to contact Ms. Sobowale by telephone and by email likely demonstrate

the requisite "good-faith effort to produce [her] to testify at trial," making her unavailable. *Johnpoll*, 739 F.2d at 709; *see also United States v. Fawwaz*, 98-CR-1023-15 (LAK), Dkt. No. 1490 at 7 (the inability to locate or contact a witness, "despite good faith effort, renders [a witness] unavailable").

As to materiality, according to the Defendant, Ms. Sobowale "would provide proof of [the Defendant's] employment activities and abrupt application for leave to travel." Br. at 8. As noted above, a witness's testimony is "material" within the meaning of Rule 15 if it is "highly relevant to a central issue in the case." *Vilar*, 568 F. Supp. 2d at 440 (citing *Grossman*, 2005 WL 486735, at *3). The Defendant does not explain how proof of his employment activities meets this criterion. Ms. Sobowale could also presumably discuss her observations of the Defendant's character, mental health, and "abrupt" departure, but the Defendant has not made a sufficient showing on this point to satisfy the materiality requirement as discussed above. As a result, the Court will not authorize a Rule 15 deposition of Ms. Sobowale, nor will it authorize the issuance of letters rogatory.

### E.  Dr. Rachel Thomas

The Defendant seeks to take Dr. Thomas's deposition because she "is unable to travel due to her commitments as head of a mental health clinic." Br. at 5. "[S]peculation that some theoretical future work commitments might make [a witness] unavailable is entirely insufficient to support a finding of unavailability." *United States v. Kassar*, 572 F. Supp. 2d 375, 376 (S.D.N.Y. 2008); *see also Fawwaz*, 98-CR-1023-15 (LAK), Dkt. No. 1490 at 5 ("Such speculative concern that logistics, work, or travel schedules might prevent a witness's attendance at trial is not sufficient to satisfy the unavailability requirement."). This is particularly true here, where Dr. Thomas has almost three months to rearrange her work schedule to appear at trial. Because the Defendant has not indicated whether any efforts have been made for Dr. Thomas to rearrange her schedule or otherwise specify why Dr. Thomas's work commitments prevent her from testifying in February, he has failed to demonstrate a "good-faith effort to produce [her] to testify at trial." *Johnpoll*, 739 F.2d at 709. The Defendant has also failed to explain why the

substance of testimony Ms. Thomas cannot be obtained from a U.S.-based specialist. For these reasons, the Court will not authorize a Rule 15 deposition of Dr. Thomas.

### F.     Testimony by Closed-circuit Televsision ("CCTV")

As an alternative to Rule 15 depositions, the Defendant requests that the witnesses in question be permitted to "testify live from London via CCTV." Br. at 10. Testimony by closed-circuit television is "not . . . a commonplace substitute for in-court testimony by a witness" and should only be permitted under "exceptional circumstances . . . when [it] furthers the interest of justice." *United States v. Gigante*, 166 F.3d 75, 81 (2d Cir. 1999) (analogizing closed-circuit television testimony to a Rule 15 deposition). Relying on *Gigante*, other courts in this district have applied the Rule 15 criteria to requests for closed-circuit television testimony. *See United States v. Mostafa*, 14 F. Supp. 3d 515, 521 (S.D.N.Y. 2014); *see also United States v. Banki*, No. 10-CR-08 (JFK), 2010 WL 1063453, at *3 (S.D.N.Y. Mar. 23, 2010). As discussed above, the witnesses fail to meet these criteria. For that reason, testimony via closed-circuit television is not appropriate.

## IV.    CONCLUSION

For the foregoing reasons, the Defendant's motion is denied. This resolves Dkt. No.52.


SO ORDERED.


Dated: December **4**, 2015
       New York, New York

_____
                    ALISON J. NATHAN
                    United States District Judge