UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA                          :

           -v.-                          :

MINH QUANG PHAM,                          :          12 Cr. 423 (AJN)
    a/k/a "Amin,"

                            :

                 Defendant.

                            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X


## GOVERNMENT'S REQUESTS TO CHARGE


                            PREET BHARARA
                            United States Attorney for the
                            Southern District of New York
                            Attorney for the United States
                                of America


Sean S. Buckley
Anna M. Skotko
Shane T. Stansbury
Assistant United States Attorneys
     -Of Counsel-

# TABLE OF CONTENTS

**No.**  **Description**                                                                    **Page**

1.     General Requests ................................................................................5

2.     Summary of Indictment ......................................................................6

**Count One: Conspiracy to Provide Material Support To A Foreign Terrorist Organization**

3.     General Instructions ............................................................................7

4.     Elements................................................................................................9

5.     First Element: Existence of the Conspiracy.....................................10

6.     Second Element: Membership in the Conspiracy.............................13

7.     Second Element: Conscious Avoidance ...........................................16

8.     No Overt Act Requirement ...............................................................19

**Count Two: Providing Material Support To A Foreign Terrorist Organization**

9.     General Instructions ..........................................................................20

10.    Elements..............................................................................................21

11.    First Element: Providing Material Support......................................22

12.    Second Element: Foreign Terrorist Organization ............................25

13.    Third Element: Knowingly ................................................................26

14.    Fourth Element: Jurisdiction.............................................................29

15.    Attempt ...............................................................................................31

16.    Aiding and Abeting............................................................................33

**Count Three: Conspiracy To Receive Military-Type Training From A Foreign Terrorist Organization**

17.    General Instructions ..........................................................................36

18.   Elements ................................................................................................37

19.   Overt Act Requirement ..........................................................................39

**Count Four: Receipt of Military-Type Training From A Foreign Terrorist Organization**

20.   General Instructions ...............................................................................41

21.   Elements ................................................................................................42

22.   First Element: Receiving Military-Type Training ...................................43

23.   Second Element: Foreign Terrorist Organization .................................45

24.   Third Element: Knowingly .....................................................................46

25.   Fourth Element: Jurisdiction ................................................................48

26.   Aiding and Abetting ...............................................................................49

**Count Five: Possessing, Carrying, And Using A Firearm During And In Relation To A Crime Of Violence**

27.   General Instructions ...............................................................................50

28.   Elements ................................................................................................51

29.   First Element: Using, Carrying, Or Possessing ...................................52

30.   Second Element: In Furtherance Of A Crime Of Violence ...................54

31.   Third Element: Knowledge ....................................................................56

32.   Aiding and Abetting ...............................................................................57

**Counts One Through Five**

33.   Venue .....................................................................................................58

34.   Time Of Crimes And Variance In Dates ................................................60

35.   Cooperating Witnesses ..........................................................................62

36.   Use Of Recordings And Transcripts *[If Applicable]* ...........................64

37.   Particular Investigative Techniques Not Required *[If Applicable]* ...................................66

38.   Statements Of The Defendant ...........................................................................................67

39.   Consciousness Of Guilt From Evidence Of False Exculpatory Statements ....................68

40.   Preparation Of Witnesses..................................................................................................69

41.   Stipulation Of Facts *[If Applicable]* ...............................................................................70

42.   Stipulation Of Testimony *[If Applicable]*........................................................................71

43.   Persons Not On Trial ........................................................................................................72

44.   Defendant's Testimony *[Requested Only if the Defendant Testifies]* .............................73

45.   Defendant's Right Not To Testify *[If Requested by the Defense]*...................................74

46.   Acts And Statements Of Co-Conspirators ........................................................................75

47.   Character Testimony *[If Applicable]* ..............................................................................77

48.   Uncalled Witness Equally Available To Both Sides *[If Applicable]* ...............................78

49.   Charts And Summaries *[If Applicable]* ...........................................................................79

50.   Expert Testimony...............................................................................................................80

51.   Evidence Obtained Pursuant To Search............................................................................81

52.   Law Enforcement Witnesses..............................................................................................82

53.   Redaction Of Evidentiary Items *[If Applicable]*.............................................................83

54.   Multiple Counts .................................................................................................................84

55.   Punishment Is Not To Be Considered By The Jury..........................................................85

56.   Sympathy: Oath As Jurors ................................................................................................86

57.   Right To Hear Testimony: Communications With The Court; Note-Taking ..................87

58.   Verdict Must Be Unanimous .............................................................................................89

## REQUEST NUMBER 1

### General Requests

The parties respectfully request that the Court give its usual instructions to the jury on the following matters:

a.    Function of Court and Jury.

b.    Indictment Not Evidence.

c.    Statements of Court and Counsel Not Evidence.

d.    Burden of Proof and Presumption of Innocence.

e.    Reasonable Doubt.

f.    Jury's Recollection Controls.

g.    Government Treated Like Any Other Party.

h.    Definitions, Explanations, and Example of Direct and Circumstantial Evidence.

i.    Credibility of Witnesses.

## REQUEST NUMBER 2

### Summary of the Indictment

The defendant, MINH QUANG PHAM, also known as "Amin," is charged in a five-count Indictment.

As I instructed you at the outset, the Indictment is a charge or an accusation.   It is not evidence.   You may not consider the fact that the defendant has been indicted when determining whether the Government has proven the charges beyond a reasonable doubt.

The Indictment in this case contains five counts.

Count One charges the defendant with conspiring to provide material support or resources to a foreign terrorist organization; namely al Qa'ida in the Arabian Peninsula, or AQAP.

Count Two charges the defendant with the substantive offense of providing material support or resources to AQAP.

Count Three charges the defendant with conspiring to receive military-type training from AQAP.

Count Four charges the defendant with the substantive offense of receiving military-type training from AQAP.

Lastly, Count Five charges the defendant with possessing, carrying, and using a firearm during and in relation to each of Counts One through Four.

## REQUEST NUMBER 3

### Count One:
### Conspiracy to Provide Material Support
### To A Foreign Terrorist Organization
### (18 U.S.C. § 2339B)

### The Indictment

Now let's turn to Count One of the Indictment.    This Count charges that the defendant conspired to provide material support or resources to the foreign terrorist organization al Qa'ida in the Arabian Peninsula, or AQAP, in violation of Section 2339B, Title 18, United States Code.

Count One focuses on the period from in or about December 2010, up to and including in or about December 2011.

*[The Court is respectfully requested to read Count One of the Indictment.]*

Let me say a word about the crime of conspiracy.    A conspiracy is a kind of criminal partnership -- a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy to provide material support is separate, independent, and distinct from the actual commission of the crime of providing material support.

Indeed, you may find the defendant guilty of the crime of conspiracy to provide material support even if the so-called "substantive" crime, the actual providing material support was not actually committed or accomplished.    Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the conspiracy is not successful.

Adapted from the charge of the Honorable John F. Keenan in
United States v. Kassir, S2 04 Cr. 356 (JFK) (S.D.N.Y. 2009)

7

(Tr. 2256); and the charge of the Honorable Leonard B. Sand in
<u>United States</u> v. <u>Rios</u>, 91 Cr. 914 (LBS) (S.D.N.Y. 1992).

<u>See</u> <u>United States</u> v. <u>Labat</u>, 905 F.2d 18, 21 (2d Cir. 1990)
("Since the essence of conspiracy is the agreement and not the
commission of the substantive offense that is the objective, the
offense of conspiracy may be established even if the
collaborators do not reach their goal.").

## REQUEST NUMBER 4

### Count One:
### Conspiracy To Provide Material Support
### To A Foreign Terrorist Organization
### (18 U.S.C. § 2339B)

### Elements of the Offense

In order to sustain its burden of proof with respect to the conspiracy charge in Count One, the Government must prove beyond a reasonable doubt the following two elements:

First, the existence of the conspiracy charged in Count One.   In other words, the Government must prove that there was, in fact, an agreement or understanding between two or more people to provide material support to a foreign terrorist organization.   Therefore, the first question for you on Count One is:   Did the conspiracy alleged in Count One of the Indictment exist?

Second, the Government must prove beyond a reasonable doubt that the defendant knowingly became a member of the conspiracy charged in Count One of the Indictment.   That is, the Government must prove that the defendant knowingly associated himself with the conspiracy, and participated in the conspiracy charged in Count One of the Indictment.

## REQUEST NUMBER 5

### Count One:
### Conspiracy To Provide
### Material Support To A Foreign Terrorist Organization
### (18 U.S.C. §2339B)

### First Element:   Existence of the Conspiracy

Starting with the first element, what is a conspiracy?   As I mentioned just a few minutes ago, a conspiracy is an agreement or an understanding, between two or more persons, to accomplish by joint action a criminal or unlawful purpose.    In Count One, the unlawful purpose alleged to be the object of the conspiracy is providing material support or resources to a foreign terrorist organization – in this case, al Qa'ida in the Arabian Peninsula, or AQAP.

The gist, or the essence, of the crime of conspiracy is the unlawful agreement between two or more people to violate the law.    The ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is not required.

The conspiracy alleged here, therefore, is the <u>agreement</u> to provide material support or resources to a foreign terrorist organization.    It is an entirely distinct and separate offense from the <u>actual</u> commission of the crime of providing material support to a foreign terrorist organization.

In order to show that a conspiracy existed, the evidence must show that two or more persons, in some way or manner, either explicitly or implicitly, came to an understanding to violate the law and to accomplish an unlawful plan.

Now, to show a conspiracy existed, the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing,

10

stating that they had formed a conspiracy to violate the law and spelling out all the details. Common sense tells you that when people, in fact, agree to enter into a criminal conspiracy, much is left to an unexpressed understanding.   It is rare that a conspiracy can be proven by direct evidence of an explicit agreement.

In determining whether there has been an unlawful agreement as alleged, you may consider the acts and the conduct of the alleged co-conspirators that were done to carry out the apparent criminal purpose.   The old adage, "actions speak louder than words" applies here.   Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts and conduct on the part of the alleged individual co-conspirators. When taken all together and considered as a whole, however, those acts and conduct may warrant the inference that a conspiracy existed as conclusively as would direct proof.

So, you must first determine whether or not the proof established beyond a reasonable doubt the existence of the conspiracy as charged in Count One of the Indictment. In considering this first element, you should consider all the evidence which has been admitted with respect to the conduct and statements of each alleged co-conspirator and such inferences as may be reasonably drawn from them.   It is sufficient to establish the existence of the conspiracy, as I've already said, if, from the proof of all the relevant facts and circumstances, you find beyond a reasonable doubt that the minds of at least two alleged co-conspirators met in an understanding way to accomplish, by the means alleged, the objective of the conspiracy.

<u>Object of the Conspiracy</u>

The object of a conspiracy is the illegal goal the co-conspirators agree on or hope to achieve.   Count One of the Indictment charges a conspiracy with one object -- that is, to provide material support or resources to a foreign terrorist organization.   Later, when I explain Count Two, which charges the substantive crime of providing material support to a foreign terrorist organization, I will explain the elements of that crime.

If you find that the conspiracy had the charged objective, the illegal purpose element will be satisfied.

> Adapted from the charges of the Honorable John F. Keenan in <u>United States</u> v. <u>Kassir</u>, S2 04 Cr. 356 (JFK) (S.D.N.Y. 2009) (Tr. 2257-58); from the charge of the Honorable John G. Koeltl in <u>United States</u> v. <u>Tian Si Lu</u>, 01 Cr. 38 (JGK) (S.D.N.Y. 1992) (Tr. 1802-04); and from the charge of the Honorable Leonard B. Sand in <u>United States</u> v. <u>Rios</u>, 91 Cr. 914 (LBS) (S.D.N.Y. 1992).

> <u>See</u> <u>United States</u> v. <u>Rea</u>, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the Government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice.   The conspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent, so long as they are not at cross-purposes.") (citations omitted): <u>United States</u> v. <u>Montour</u>, 944 F.2d 1019, 1025 (2d Cir. 1991) ("To prove the existence of an agreement, the Government need not present evidence of a formal arrangement between the co-conspirators.   Rather, it is sufficient if the Government can demonstrate that the defendant acted together with others to realize a common goal.") (citations omitted).   <u>See</u> <u>also</u> <u>United States</u> v. <u>Rubin</u>, 844 F.2d 979, 983-84 (2d Cir. 1988) (generally discussing proof of agreement).

## REQUEST NUMBER 6

### Count One:
### Conspiracy To Provide
### Material Support To A Foreign Terrorist Organization
### (18 U.S.C. § 2339B)

### Second Element:   Membership in the Conspiracy

The Government must prove that the defendant unlawfully, willfully, and knowingly entered into the conspiracy with a criminal intent—that is, with a purpose to violate the law—and agreed to take part in the conspiracy to further promote and cooperate in its unlawful objective.

Now, as to this element, the terms unlawfully, willfully, and knowingly mean that you must be satisfied that in joining the conspiracy, assuming you find that the defendant did join the conspiracy, the defendant knew what he was doing.   That is, that he took the actions in question deliberately and voluntarily.

"Unlawfully" means simply contrary to law.   The defendant need not have known that he was breaking any particular law or any particular rule.   He need only have been aware of the generally unlawful nature of his actions.

An act is done "knowingly" if it is done purposely and deliberately and not because of mistake, accident, negligence or other innocent reason.   An act is done "willfully" if it is a voluntary and intentional act.   That is, the defendant's actions must have been his conscious objective rather than the product of a mistake or an accident or mere negligence or some other innocent reason.

Now, I have talked about knowledge.   Knowledge is something to be inferred from the proven facts.   We do not yet have any way of looking into somebody's mind and

13

knowing what the person is thinking.    However, you have before you evidence of certain acts

that are alleged to have been taken by the defendant or that took place in his presence.

Now, it is not necessary that the defendant be fully informed as to all the details

of an alleged conspiracy in order for you to infer knowledge on his part.    To have guilty

knowledge, the defendant need not have known the full extent of the conspiracy.    He need not

have known all of its activities.    It is not even necessary that the defendant know or be

acquainted with all of the participants in the conspiracy.    In fact, the defendant may know only

one other member of a conspiracy and still be a co-conspirator.

The duration and the extent of the defendant's participation in a conspiracy has no

bearing on the issue of guilt.    The defendant need not have joined a conspiracy at the outset.

The defendant may have joined it for any purpose at any time in its progress, and the defendant

still will be held responsible for everything that was done before he joined and everything that is

done while the conspiracy continues to exist unless and until he affirmatively quits the

conspiracy.

Every participant in the conspiracy may perform separate and distinct acts.    They

may perform them at different times.    Some conspirators play major roles.    Other conspirators

play minor roles.    An equal role or an important role is not what the law requires.    In fact, even

a single act can be sufficient to make a defendant a participant in an illegal conspiracy.

I do want to caution you, however, that the mere association by one person with

another person does not make that person a member of a conspiracy, even when coupled with

knowledge that a conspiracy is under way.    Mere presence at the scene of a crime, even coupled

with knowledge that a crime is taking place, is not enough to support a conviction.    In other

words, knowledge without participation is not sufficient.   What is necessary is that the

defendant participate in the conspiracy with knowledge of its unlawful purpose and with an

intent to aid in the accomplishment of its unlawful objectives.

In sum, the defendant, with an understanding of the generally unlawful nature of

the conspiracy must intentionally have engaged, advised, or assisted in the conspiracy for the

purpose of furthering its illegal objective.   The defendant thereby becomes a knowing and a

willing participant of the unlawful agreement: in other words, the defendant thereby becomes a

co-conspirator.

A conspiracy once formed is presumed to continue until its objective is

accomplished or until there is some affirmative act of termination by its members.   So too, once

a person is found to be a participant in the conspiracy, that person is presumed to continue being

a participant in the venture until the venture is terminated, unless it is shown by some affirmative

proof that the person withdrew and dissociated himself from it.

Adapted from the charges of the Honorable Lewis A. Kaplan in
United States v. Ghailani, S10 98 Cr. 1023 (S.D.N.Y. 2010)
(LAK) and United States v. Salazar-Espinosa, S3 05 Cr. 517
(S.D.N.Y. 2007) (LAK).

15

**REQUEST NUMBER 7**

**Count One:**
**Conspiracy To Provide**
**Material Support To A Foreign Terrorist Organization**
**(18 U.S.C. § 2339B)**

**Second Element (Continued):   Conscious Avoidance**
**of Knowledge of the Objective of the Conspiracy**

Now, in instructing you this far with respect to conspiracy, I have talked to you about the concept of knowledge.   I need to say one more thing about that concept.

In determining whether the defendant acted with the necessary knowledge or intent, you may consider whether the defendant deliberately closed his eyes to what otherwise would have been clear.   I told you before that acts done knowingly must be the product of a defendant's conscious intention, not the product of carelessness or negligence.   A person, however, cannot willfully blind himself to what is obvious and disregard what is plainly before him.   A person may not intentionally remain ignorant of facts that are material and important to his conduct in order to escape the consequences of criminal law.

If you find beyond a reasonable doubt that the defendant intentionally participated in a conspiracy, but that the defendant deliberately and consciously avoided learning or confirming certain facts about the specific objectives of the conspiracy, then you may infer from his willful and deliberate avoidance of knowledge that the defendant did understand the objectives or goals of the conspiracy.

We refer to this notion of blinding yourself to what's staring you in the face as "conscious avoidance."   An argument of "conscious avoidance," however, is not a substitute for proof.   It is simply another element you may consider in deciding what the defendant knew.

16

There is a difference between knowingly participating in a conspiracy on the one hand and knowing the objects or the purpose of the conspiracy on the other hand.    Conscious avoidance cannot be used as a substitute for finding that the defendant knowingly joined the conspiracy, knew that he was becoming a party to an agreement to accomplish an alleged illegal purpose.    It is, in fact, logically impossible for a defendant to join a conspiracy unless he knows the conspiracy exists.    The defendant must know that the conspiracy is there.

However, in deciding whether the defendant knew the objectives of the conspiracy, you may consider whether the defendant was aware of a high probability that the objectives of the conspiracy were to commit the crime or crimes charged as the object of the conspiracy, and nevertheless participated in the conspiracy.    You must judge from all the circumstances and all the proof whether the Government did or did not satisfy its burden of proof beyond a reasonable doubt.

So, in other words, if you find that the defendant was aware of a high probability that a fact was so, and that the defendant acted with deliberate disregard of the facts, you may find that the defendant acted knowingly.    However, if you find that the defendant actually believed the fact was not so, then he may not have acted knowingly with respect to whatever charge you are considering.

Adapted from the charges of the Honorable John F. Keenan in United States v. Kassir, S2 04 Cr. 356 (JFK) (S.D.N.Y. 2009) (Tr. 2263-64), and in United States v. Haouari, 00 Cr. 15 (JFK) (S.D.N.Y. 2001) (Tr. 1034-36), aff'd sub nom. United States v. Meskini, 319 F.3d 88, 92 (2d Cir. 2003) ("the court's conscious avoidance charge . . . . was neither erroneous nor prejudicial"). See generally United States v. Tropeano, 252 F.3d 653, 660 (2d Cir. 2001) ("a conscious avoidance theory may support a finding that a defendant knew of the objects of the conspiracy, whether or not the underlying substantive offenses require proof of specific

intent"); <u>United States</u> v. <u>Juncal</u>, 245 F.3d 166 (2d Cir. 2000) (same); <u>United States</u> v. <u>Eltayib</u>, 88 F.3d 157 (2d Cir. 1996) (conscious avoidance may support finding with respect to defendant's knowledge of objectives or goals of conspiracy); <u>see also</u> <u>United States</u> v. <u>Brito</u>, 907 F.2d 392, 396 (2d Cir. 1990) ("A conscious avoidance charge is appropriate when the defendant claims a lack of knowledge of the relevant acts, but the surrounding circumstances would permit a reasonable juror to conclude that the defendant should have known about them."); <u>United States</u> v. <u>Meskini</u>, 319 F.3d 88, 92 (2d Cir. 2013) ("The evidence at trial was more than sufficient to justify a jury charge of conscious avoidance and to convict Haouari of providing material support to a terrorist act.   The district court provided a summary of the ample evidence that, at the very least, Haouari 'deliberately closed his eyes' to Ressams terrorist plans.") (quoting <u>United States</u> v. <u>Haouari</u>, No. S4 00 Cr. 15 (JFK), 2001 WL 1154714, *2-*3 (S.D.N.Y. Sept. 28, 2001)).

## REQUEST NUMBER 8

### Count One:
### Conspiracy To Provide
### Material Support To A Foreign Terrorist Organization
### (18 U.S.C. § 2339B)

### No Overt Act Requirement

Count One of the Indictment contains an "overt acts" section.

It is <u>not</u> necessary for the Government to prove that any of the overt acts alleged in Count One took place, so long as the Government proves, as I have said, the existence of the conspiracy charged in Count One and that the defendant was a knowing and intentional member of the conspiracy.

> Adapted from the charges of the Honorable Colleen McMahon in <u>United States</u> v. <u>Watson</u>, S1 03 Cr. 136 (CM) (S.D.N.Y. 2003), and the Honorable Richard M. Berman in <u>United States</u> v. <u>Manuel Pena</u>, S1 00 Cr. 36 (RMB) (S.D.N.Y. 2001). <u>See United States</u> v. <u>Abdi</u>, 498 F. Supp. 2d 1048, 1064 (S.D. Ohio 2007) (declining to read an overt act requirement into 18 U.S.C. § 2339B); <u>cf.</u> <u>United States</u> v. <u>Shabani</u>, 115 S. Ct. 382, 385 (1994) (Government need not prove commission of any overt acts in furtherance of conspiracy in violation of section 846 conspiracy); <u>United States</u> v. <u>Story</u>, 891 F.2d 988, 992 (2d Cir. 1989) ("The only elements of a section 846 narcotics conspiracy offense are the existence of a conspiracy and defendant's willful joining it.").

**REQUEST NUMBER 9**

**Count Two:**
**Providing Material Support**
**To A Foreign Terrorist Organization**
**(18 U.S.C. § 2339B)**

**The Indictment**

Count Two charges that from at least in or about December 2010, up to and including in or about December 2011, the defendant provided material support or resources to the foreign terrorist organization al Qa'ida in the Arabian Peninsula, or AQAP, in violation of Section 2339B, Title 18, United States Code.

*[The Court is respectfully requested to read Count One of the Indictment.]*

## REQUEST NUMBER 10

## Count Two:
## Providing Material Support To A Foreign Terrorist Organization
## (18 U.S.C. § 2339B and § 2)

## Elements

To prove the defendant guilty of the crime charged in Count Two, the

Government must prove each of the following four elements beyond a reasonable doubt.

<u>First</u>, that the defendant provided material support or resources;

<u>Second</u>, that the defendant provided such support or resources to an officially

designated foreign terrorist organization;

<u>Third</u>, that the defendant acted knowingly; and

<u>Fourth</u>, that one of the jurisdictional requirements, which I will explain shortly, is

satisfied.

> Adapted from the charge of the Honorable Loretta A. Preska in
> <u>United States</u> v. <u>Sabir</u>, 05 Cr. 673 (LAP) (S.D.N.Y. 2005) (Tr.
> 2586); and the charge of the Honorable Sidney H. Stein in <u>United
> States</u> v. <u>Paracha</u>, 03 Cr. 1197 (S.D.N.Y. 2005) (Tr. 1520);
> <u>compare</u> 18 U.S.C. § 2339B (versions in effect for 1999 through
> 2004) ("Whoever, within the United States, or subject to the
> jurisdiction of the United States, knowingly provides . . .") <u>with</u> 18
> U.S.C. § 2339B (current version) ("Whoever knowingly provides .
> . .").

## REQUEST NUMBER 11

### Count Two:
### Providing Material Support To A Foreign Terrorist Organization
### (18 U.S.C. § 2339B and § 2)

### First Element: Providing Material Support

The first element is that the defendant provided material support or resources.

The defendant "provided" material support or resources if he made available, sent, or physically transferred the support or resources.

The term "material support or resources" is defined by the statute to include "any property, tangible or intangible, or service, including currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel (1 or more individuals who may be or include oneself), and transportation."   It does not include medicine or religious materials.

The words "weapons," "lethal substances," and "explosives" have their ordinary meanings.

The word "training" means instruction or teaching designed to impart a specific skill, as opposed to general knowledge.

The term "expert advice or assistance" means advice or assistance derived from scientific, technical or other specialized knowledge.

The word "personnel" refers to one or more people jointly engaged in a common undertaking.   The word "personnel" includes the defendant, himself.    It can also include other people.

If you find beyond a reasonable doubt that the defendant provided material support or resources, then this element is satisfied; however, as part of your finding, you must agree unanimously with respect to at least one of the forms of material support or resources that were provided or concealed.

> Adapted from the charge of the Honorable John F. Keenan in United States v. Kassir, S2 04 Cr. 356 (JFK) (S.D.N.Y. 2009) (Tr. 2269-70); the charge of the Honorable John G. Koeltl in United States v. Sattar, S1 02 Cr. 395 (JGK) (S.D.N.Y. 2005) (Tr. 12336-37); and the charge of the Honorable Sidney H. Stein in United States v. Paracha, 03 Cr. 1197 (SHS) (S.D.N.Y. 2005) (Tr. 1521).
>
> See 18 U.S.C. § 2339A(b) (defining "material support or resources," "training," and "expert advice and assistance");    18 U.S.C. § 2339B(g) (indicating that the definition of "material support or resources" set forth at 18 U.S.C. § 2339A(b) applies to offenses charged under 18 U.S.C. § 2339B(g)); 18 U.S.C. § 2339B(h) (clarifying that what is proscribed is the provision of personnel "to work under" the "direction or control" of a terrorist organization);United States v. Sattar, 314 F.Supp.2d 279, 297 (S.D.N.Y. 2004) ("The term 'provides' is not defined in § 2339A. Where words in a statute are not defined, they must be given their ordinary meaning.   The plain and ordinary meaning of the transitive verb 'provide' is '[t]o furnish; supply . . . [t]o make ready . . . [t]o make available; afford.'") (other internal quotation marks

and citations omitted); id. ("Limiting the definition of 'provides' to the physical transfer of an asset would result in a strained and untenable reading of the statute.   Thus, there is no basis to limit the meaning of 'provides . . . personnel' to the physical transfer of personnel, and not to include making personnel available -- which is in accord with the ordinary and natural use of the term 'provide,' and which is consistent with its placement in the statute and the purpose of proscribing the provision of resources to be used for a prohibited purpose.");; id. at 298 ("[I]n using the term 'personnel' in § 2339A, Congress plainly intended to refer to . . . persons who are jointly involved in participating in those crimes.   This meaning comports with the plain meaning of 'personnel,' which is defined as '[t]he body of persons employed by or active in an organization, business, or service.'   Understanding 'personnel' to refer to those persons engaging together in preparing for or carrying out the enumerated crimes also comports with the use of 'personnel' in the context of the statute, because the statute specifically prohibits the provision of material support or resources, which includes personnel, to be used in preparing for, or carrying out, the specified crimes.") (citations omitted); United States v. Abu-Jihaad, 600 F.Supp.2d 362, 400 (D. Conn. 2009) (adopting the definition of "personnel" set out in Sattar).

## REQUEST NUMBER 12

### Count Two:
### Providing Material Support To A Foreign Terrorist Organization
### (18 U.S.C. § 2339B and § 2)

### Second Element: Foreign Terrorist Organization

The second element is that the defendant provided material support or resources to a foreign terrorist organization.   For an organization to qualify as a "foreign terrorist organization," it must have been designated as such by the Secretary of State.

[*If applicable:*   The parties have stipulated that al Qa'ida in the Arabian Peninsula has been designated as a foreign terrorist organization by the Secretary of State, and was so designated by the Secretary throughout the period covered by the Indictment.]

Adapted from the charges of the Honorable John F. Keenan in United States v. Kassir, S2 04 Cr. 356 (JFK) (S.D.N.Y. 2009) (Tr. 2278-79); the charge of the Honorable Loretta A. Preska in United States v. Sabir, 05 Cr. 673 (LAP) (S.D.N.Y. 2005); and the charge of the Honorable Sidney H. Stein in United States v. Paracha, 03 Cr. 1197 (SHS) (S.D.N.Y. 2005) (Tr. 1521).

### REQUEST NUMBER 13

### Count Two:
### Providing Material Support To A Foreign Terrorist Organization
### (18 U.S.C. § 2339B and § 2)

### Third Element: Knowingly

The third element is that, in providing material support or resources, the defendant acted "knowingly."

To prove this, the Government must prove two things.

First, that the defendant acted voluntarily and intentionally, and not because of mistake or accident.

Second, the Government must prove that the defendant knew that al Qa'ida in the Arabian Peninsula, or AQAP, had been designated by the Secretary of State as a "foreign terrorist organization," or that the defendant knew that AQAP engaged in "terrorist activity," or that the defendant knew that AQAP engaged in "terrorism."

For these purposes, the term "terrorism" means premeditated, politically motivated violence perpetrated against noncombatant targets by sub-national groups or clandestine agents.

The term "terrorist activity" includes any of the following actions:

1.     Hijacking or sabotage of an aircraft, vessel, vehicle, train, or other conveyance;

2.     Seizing, detaining, or threatening to kill, injure or further detain another person to compel or coerce some third party, including a government, to do or abstain from doing some act;

3.      A violent attack upon an internationally protected person, including

employees and officials of governments or international organizations;

4.      Assassination;

5.      Use of any chemical, biological, or nuclear weapons or device, with intent

to endanger, directly or indirectly, the safety of one or more individuals or

to cause substantial damage to property;

6.      Use of any explosive, firearm, or other weapon or dangerous device, other

than for monetary gain and with intent to endanger, directly or indirectly,

the safety of one or more individuals or to cause substantial damage to

property; or

7.      A threat, attempt, or conspiracy to do any of the foregoing.

As to Count Two, the Government has satisfied its burden of proof with respect to

the third element if you conclude beyond a reasonable doubt that the defendant had specific

knowledge that AQAP had been designated a foreign terrorist organization by the United States

Government, or that AQAP engaged in terrorist acts of the type I have listed, or that AQAP

engaged in "terrorism" as I have defined that term.

As part of your finding, you must unanimously agree with respect to at least one

of the three categories of knowledge the defendant had.

> Adapted from the charges of the Honorable John F. Keenan in
> United States v. Kassir, S2 04 Cr. 356 (JFK) (S.D.N.Y. 2009) (Tr.
> 2279-80); the charge of the Honorable Loretta A. Preska in United
> States v. Sabir, 05 Cr. 673 (LAP) (S.D.N.Y. 2005); and the charge
> of the Honorable Sidney H. Stein in United States v. Paracha, 03
> Cr. 1197 (SHS) (S.D.N.Y. 2005) (Tr. 1521-22); see 18 U.S.C. §
> 2339B(a)(1) (current version) (defining "terrorism" and "terrorist
> activity" by reference to 8 U.S.C. § 1182(a)(3)(iii) and 22 U.S.C.

§ 2656f(d)(2)).

**REQUEST NUMBER 14**

**Count Two:**
**Providing Material Support To A Foreign Terrorist Organization**
**(18 U.S.C. § 2339B and § 2)**

**Fourth Element - Jurisdiction**

For the purposes of this case, the Government must also prove beyond a reasonable doubt that one of the following jurisdictional requirements has been satisfied:

    1)    after the conduct required for the offense occurs an offender is brought into or found in the United States, even if the conduct required for the offense occurs outside the United States; or

    2)    the offense occurs in or affects interstate or foreign commerce;

The term "interstate or foreign commerce" includes the movement of goods, services, money and individuals between any combination of states, territories or possessions of the United States, or between the United States and a foreign country.   In demonstrating that an offense occurs in or affects interstate or foreign commerce, the government must prove that the offense could have a potential effect on interstate or foreign commerce in any way, no matter how minimal.   It is not necessary to prove that the acts of any particular defendant affected interstate or foreign commerce as long as the offense as a whole could have had such a potential effect.   Finally, the government is not required to prove that any defendant knew that he was affecting or could potentially affect interstate or foreign commerce.

In sum, the Government has satisfied its burden as to the fourth element—the jurisdictional element—if you find beyond a reasonable doubt that either of the two jurisdictional

29

requirements I described has been satisfied.    As part of your finding, you must unanimously

agree as to which of the two requirements, or both, has been satisfied.

> Adapted from the charge of the Honorable Loretta A. Preska in
> United States v. Sabir, 05 Cr. 673 (LAP) (S.D.N.Y. 2005) (Tr.
> 2589); and the charge of the Honorable Sidney H. Stein in United
> States v. Paracha, 03 Cr. 1197 (SHS) (S.D.N.Y. 2005) (Tr. 1523);
> see 18 U.S.C. § 2339B(d) (setting out jurisdictional elements).

## REQUEST NUMBER 15

### Count Two:
### Providing Material Support To A Foreign Terrorist Organization
### (18 U.S.C. § 2339B and § 2)

### Attempt

With respect to Count Two, the defendant is also charged with <u>attempting</u> to provide material support or resources to a foreign terrorist organization

In order to find the defendant guilty on Count Two under an attempt theory, the Government must prove beyond a reasonable doubt that:

1) the defendant intended to commit the crime charged, as I have described that crime to you; and

2) that the defendant willfully took some action that was a substantial step, in an effort to bring about or accomplish the crime.

Mere intention to commit a specific crime does not amount to an attempt.   In order to convict the defendant of an attempt, you must find beyond a reasonable doubt that he intended to commit the crime charged, and that he took some action which was a substantial step toward the commission of that crime.

In determining whether the defendant's actions amounted to a substantial step toward the commission of the crime, it is necessary to distinguish between mere preparation on the one hand, and the actual doing of the criminal deed on the other.   Mere preparation, which may consist of merely planning the offense, or of devising, obtaining or arranging a means for its commission, is not an attempt -- although some preparations may amount to an attempt.   The acts of a person who intends to commit a crime will constitute an attempt where the acts

31

themselves indicate an intent to willfully commit the crime, and the acts are a substantial step in

a course of conduct planned to culminate in the commission of the crime.

       If you find beyond a reasonable doubt that the defendant attempted to commit the

crime charged in Count Two, then he is guilty with respect to that Count.

       Adapted from the charges of the Honorable John F. Keenan in
United States v. Kassir, S2 04 Cr. 356 (JFK) (S.D.N.Y. 2009) (Tr.
2271-72), and in United States v. Haouari, 00 Cr. 15 (JFK)
(S.D.N.Y. 2001) (Tr. 1013-14); and from Sand, Modern Federal
Jury Instructions, Instrs. 10-1 and 10-3 (setting forth model
instruction regarding attempt crimes in general).

**REQUEST NUMBER 16**

**Count Two:**
**Providing Material Support To A Foreign Terrorist Organization**
**(18 U.S.C. § 2339B and § 2)**

**Aiding and Abetting**

As I mentioned earlier, with respect to Count Two, the Indictment charges the defendant with what is called "aiding and abetting."

Let me define the term "aiding and abetting" for you.    The aiding and abetting statute, Title 18, United States Code, Section 2(a), provides that:

> Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

Under the aiding and abetting statute, it is not necessary for the Government to show that the defendant physically committed the crime with which he is charged in order for you to find him guilty.    Thus, even if you do not find beyond a reasonable doubt that the defendant committed the crime charged, you may, under certain circumstances, still find the defendant guilty of the crime as an aider or abettor.    Abetting means helping, assisting.

A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.

Therefore, you may find the defendant guilty of a substantive crime if you find beyond a reasonable doubt that the Government has proved that another person actually committed the crime—and that the defendant aided and abetted that person in the commission of the crime.

As you can see, the first requirement is that another person has committed the

33

crime charged.    Obviously, no one can be convicted of aiding and abetting the criminal act of

another if no crime was committed by the other person.    If you do find that a crime was

committed, however, then you must consider whether the defendant aided or abetted the

commission of the crime.

In order to aid or abet another to commit a crime, it is necessary that the

defendant willfully and knowingly associate himself in some way with the crime, and that he

willfully and knowingly seek, by some act, to help make the crime succeed.

Participation in a crime is willful if action is taken voluntarily and intentionally;

that is to say, with a bad purpose either to disobey or to disregard the law.

The mere presence of the defendant where a crime is being committed, even

coupled with knowledge by the defendant that a crime is being committed, or the mere

acquiescence by the defendant in the criminal conduct of others, even with guilty knowledge, is

not sufficient to establish aiding and abetting.    An aider and abettor must have some interest in

the criminal venture.

To determine whether the defendant aided or abetted the commission of the crime

with which he is charged in Count Two, ask yourself these questions:

    --     Did he participate in the crime charged as something he wished to
             bring about?

    --     Did he associate himself with the criminal venture knowingly and
             willfully?

    --     Did he seek by his actions to make the criminal venture succeed?

If the answer to these questions is yes, then the defendant is an aider and abettor,

and therefore guilty of the offense.    If the answer to these questions is no, then the defendant is

not an aider and abettor, and is not guilty of the offense.

Adapted from Sand, <u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>, Instrs. 11-1 and 11-2; and the charge of the Honorable John F. Keenan in <u>United States</u> v. <u>Kassir</u>, 04 Cr. 356 (JFK) (S.D.N.Y.) (Tr. 2272-74), and in <u>United States</u> v. <u>Haouari</u>, 00 Cr. 15 (JFK) (S.D.N.Y. 2001) (Tr. 1020-22).

**REQUEST NUMBER 17**

**Count Three:**
**Conspiracy To Receive Military-Type Training**
**From A Foreign Terrorist Organization**
**(18 U.S.C. § 371 and § 2339D)**

**The Indictment**

Count Three charges that from in or about December 2010, up to and including in or about July 2011, the defendant participated in a conspiracy to receive military-type training from and on behalf of a designated foreign terrorist organization—in this case, al Qa'ida in the Arabian Peninsula, or AQAP—in violation of Title 18, United States Code, Sections 371 and 2339D.

Specifically, Count Three charges, and I am reading now from the Indictment, that:

*[The Court is respectfully requested to read Count Three of the Indictment.]*

As I previously explained, the crime of conspiring is its own independent offense. Thus, even if you find that the Government has not proved the substantive offense, charged in Count Four, you may still find the defendant guilty of the conspiracy charge.

**REQUEST NUMBER 18**

**Count Three:**
**Conspiracy To Receive Military-Type Training**
**From A Foreign Terrorist Organization**
**(18 U.S.C. § 371 and § 2339D)**

**Elements of the Offense**

To satisfy its burden of proof with respect to Count Three the Government must establish each of the following three elements beyond a reasonable doubt:

First, the existence of an unlawful agreement, that is, an agreement among two or more persons to violate the law;

Second, that the defendant knowingly and willfully joined the conspiracy, that is, the he knowingly and willfully joined in the agreement to violate the law;

Third, that an overt act occurred; that is, that someone within the conspiracy took some action to advance the goal or goals of the conspiracy.

I previously instructed you, with respect to Count One, on the concepts of the existence of a conspiracy, knowing membership in a conspiracy, and conscious avoidance.   You should apply those instructions here with respect to Count Three.

However, unlike the conspiracy alleged in Count One, the conspiracy alleged in Count Three, requires a third, additional element:   the requirement of an overt act.   I will instruct you on the overt act requirement in just a moment.

I will also note that the object, or illegal purpose, of the conspiracy charged in Count Three is to receive military-type training from or on behalf of a foreign terrorist organization—in this case, al Qa'ida in the Arabian Peninsula, or AQAP.   This is different

37

than the object of the conspiracy charged in Count One.    In a moment, when I explain Count

Four, which charges the substantive crime of receiving military-type training from or on

behalf of a foreign terrorist organization, I will explain the elements of that crime.

> Adapted from the charges of the Honorable John F. Keenan in
> United States v. Kassir, S2 04 Cr. 356 (JFK) (S.D.N.Y. 2009) (Tr.
> 2282-86), and in United States v. Haouari, 00 Cr. 15 (JFK)
> (S.D.N.Y. 2001) (Tr. 1022-34); and from Sand, Modern Federal
> Jury Instructions, Instr. 19-3. See also United States v.
> Maldonado-Rivera, 922 F.2d 934, 961-62 (2d Cir. 1990) (quoting
> district court charge setting forth three elements of conspiracy);
> United States v. Ciambrone, 787 F.2d 799, 810 (2d Cir. 1986)
> (discussing elements of conspiracy).

**REQUEST NUMBER 19**

**Count Three:**
**Conspiracy To Receive Military-Type Training**
**From A Foreign Terrorist Organization**
**(18 U.S.C. § 371 and § 2339D)**

**Overt Act Requirement**

As I mentioned previously, the conspiracy charged in Count Three requires that an overt act occurred; that is, that someone within the conspiracy took some action to advance the goal or goals of the conspiracy.   The overt act element is a requirement that the agreement went beyond the mere talking stage, the mere agreement stage.   The requirement of an overt act is a requirement that some step or action to further the conspiracy be taken, during the life of the conspiracy, by one of the co-conspirators.

In order for the Government to satisfy the overt act requirement, it is not necessary for the Government to prove all or even any of the particular overt acts alleged in the Indictment.   Nor must you find that the defendant himself committed any overt act.

It is sufficient for the Government to show that the defendant, or one of his alleged co-conspirators, knowingly committed an overt act in furtherance of the conspiracy—whether or not that particular overt act is listed in the Indictment.

You should bear in mind that an overt act, standing alone, may itself be an innocent, lawful act.   Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding, or assisting the conspiratorial scheme. You are therefore instructed that an overt act does not have to be an act which in and of itself is criminal.   Similarly, an overt act does not have to, itself, constitute an objective of the

conspiracy.

> Adapted from the charges of the Honorable John F. Keenan in
> <u>United States</u> v. <u>Kassir</u>, S2 04 Cr. 356 (JFK) (S.D.N.Y. 2009) (Tr.
> 2265-66), and in <u>United States</u> v. <u>Haouari</u>, 00 Cr. 15 (JFK)
> (S.D.N.Y. 2001) (Tr. 1032-34).   <u>See generally</u> <u>United States</u> v.
> <u>Frank</u>, 156 F.3d 332, 337 (2d Cir. 1998) ("[T]he district court's
> instruction is entirely consistent with the well-established rule of
> this and other circuits that the overt act element of a conspiracy
> charge may be satisfied by an overt act that is not specified in the
> indictment, at least so long there is no prejudice to the defendant.")
> (citing cases); <u>United States</u> v. <u>Bryan</u>, 122 F.3d 90, 93 (2d Cir.
> 1997) ("[D]efendant argues that the district court erred in charging
> the jury that an overt act not included in the indictment can
> constitute the foundation of a conspiracy conviction.   Defendant's
> argument fails.   The court has specifically held that a conspiracy
> 'conviction may rest on an overt act not charged in the
> indictment.'") (quoting <u>United States</u> v. <u>Armone</u>, 363 F.2d 385,
> 400 (2d Cir. 1966)).

**REQUEST NUMBER 20**

**Count Four:**
**Receipt Of Military-Type Training**
**From A Foreign Terrorist Organization**
**(18 U.S.C. § 2339D)**

**The Indictment**

Count Four charges that in or about March 2011, the defendant received

military-type training from and on behalf of, the AQAP foreign terrorist organization, in

violation of Title 18, United States Code, Section 2339D.

Specifically, Count Four charges, and I am reading now from the Indictment, that:

*[The Court is respectfully requested to read Count Four of the Indictment.]*

## REQUEST NUMBER 21

### Count Four:
### Receipt Of Military-Type Training
### From A Foreign Terrorist Organization
### (18 U.S.C. § 2339D)

### Elements

To prove the defendant guilty of the crime charged in Count Four, the

Government must prove each of the following four elements beyond a reasonable doubt.

First, that the defendant received military-type training;

Second, that the defendant received that military-type training from or on behalf

of a designated foreign terrorist organization;

Third, that the defendant acted knowingly; and

Fourth, that one of the jurisdictional requirements, which I will explain shortly,

has been satisfied.

> Adapted from the charge of the Honorable Loretta A. Preska in
> United States v. Sabir, 05 Cr. 673 (LAP) (S.D.N.Y. 2005); and the
> charge of the Honorable Sidney H. Stein in United States v.
> Paracha, 03 Cr. 1197 (SHS) (S.D.N.Y. 2005); compare 18 U.S.C. §
> 2339B (versions in effect for 1999 through 2004) ("Whoever,
> within the United States, or subject to the jurisdiction of the United
> States, knowingly provides . . .") with 18 U.S.C. § 2339B (current
> version) ("Whoever knowingly provides . . .").

**REQUEST NUMBER 22**

**Receipt Of Military-Type Training**
**From A Foreign Terrorist Organization**
**(18 U.S.C. § 2339D)**

**First Element: Receiving Military-Type Training**

The first element is that the defendant received military-type training.

I will now define the phrase "received military-type training."

The defendant "received" military-type training if he was provided, given, or otherwise obtained such training.

The term "military-type training" includes: "training in means or methods that can cause death or serious bodily injury, destroy or damage property, or disrupt services to critical infrastructure, or training on the use, storage, production, or assembly of any explosive, firearm or other weapon, including any weapon of mass destruction."

The term "serious bodily injury" means bodily injury which "involves a substantial risk of death; extreme physical pain; protracted and obvious disfigurement; or protracted loss or impairment of the function of a bodily member, organ or mental faculty."

The term "critical infrastructure" may be publicly or privately owned. Examples of critical infrastructure include gas and oil production, storage, or delivery systems, water supply systems, telecommunications networks, electrical power generation or delivery systems, financing and banking systems, emergency services, and transportation systems and services (including highways, mass transit, airlines, and airports).

The term "weapon of mass destruction" includes any destructive device, a term which means any explosive, incendiary, or poison gas bomb or grenade.

43

See 18 U.S.C. § 2339D(c)(1) (defining "military-type training and referencing Section 2332a(c)(2)'s definition of "weapon of mass destruction"); (c)(2) (defining "serious bodily injury" by reference to section 1365(h)(3); (c)(3) (defining "critical infrastructure").

**REQUEST NUMBER 23**

**Count Four:**
**Receipt Of Military-Type Training**
**From A Foreign Terrorist Organization**
**(18 U.S.C. § 2339D)**

**Second Element: Foreign Terrorist Organization**

The second element is that the defendant received military-type training from, or on behalf of, a foreign terrorist organization.   For an organization to qualify as a "foreign terrorist organization," it must have been designated as such by the Secretary of State.

[*If applicable: The parties have stipulated that AQAP has been designated as a foreign terrorist organization by the Secretary of State, and was so designated by the Secretary throughout the period covered by the Indictment.*]

Adapted from the charge of the Honorable Loretta A. Preska in United States v. Sabir, 05 Cr. 673 (LAP) (S.D.N.Y. 2005); and the charge of the Honorable Sidney H. Stein in United States v. Paracha, 03 Cr. 1197 (SHS) (S.D.N.Y. 2005).

45

**REQUEST NUMBER 24**

**Count Four:**
**Receipt Of Military-Type Training**
**From A Foreign Terrorist Organization**
**(18 U.S.C. § 2339D)**

**Third Element: Knowingly**

The third element is that, in receiving military-type training from or on behalf of a foreign terrorist organization, the defendant acted "knowingly."

To prove this, the Government must prove two things.

First, that the defendant acted voluntarily and intentionally, and not because of mistake or accident.

Second, the Government must prove that, during the course of the charged crime, the defendant knew that al Qa'ida in the Arabian Peninsula, or AQAP, had been designated by the Secretary of State as a "foreign terrorist organization," or that the defendant knew that AQAP engaged in "terrorist activity," or that the defendant knew that AQAP engaged in "terrorism."

The terms "foreign terrorist organization," "terrorist activity," "engaging in terrorist activity," and "terrorism" have the same meanings as they do with respect to Counts One and Two.

As to Count Four, the Government has satisfied its burden of proof with respect to the third element if you conclude beyond a reasonable doubt that the defendant had specific knowledge that AQAP had been designated a foreign terrorist organization by the United States Government, or that AQAP engaged in terrorist acts of the type I have listed, or that AQAP engaged in "terrorism" as I have defined that term.

46

As part of your finding, you must unanimously agree with respect to at least one

of the three categories of knowledge the defendant had.

> Adapted from the charges of the Honorable John F. Keenan in
> United States v. Kassir, S2 04 Cr. 356 (JFK) (S.D.N.Y. 2009) (Tr.
> 2279-80); the charge of the Honorable Loretta A. Preska in United
> States v. Sabir, 05 Cr. 673 (LAP) (S.D.N.Y. 2005); and the charge
> of the Honorable Sidney H. Stein in United States v. Paracha, 03
> Cr. 1197 (SHS) (S.D.N.Y. 2005) (Tr. 1521-22). See 18 U.S.C. §
> 2339B(a)(1) (current version) (defining "terrorism" and "terrorist
> activity" by reference to 8 U.S.C. § 1182(a)(3)(iii) and 22 U.S.C.
> § 2656f(d)(2)).

**REQUEST NUMBER 25**

**Count Four:**
**Receipt Of Military-Type Training**
**From A Foreign Terrorist Organization**
**(18 U.S.C. § 2339D)**

**Fourth Element: Jurisdiction**

For the purposes of Count Four, the Government must also prove beyond a reasonable doubt that one of the following jurisdictional requirements has been satisfied:

    1)    after the conduct required for the offense occurs an offender is brought into or found in the United States, even if the conduct required for the offense occurs outside the United States; or

    2)    the offense occurs in or affects interstate or foreign commerce.

For these purposes, the term "interstate or foreign commerce" has the same definition I gave before with Count Two.

The Government has satisfied its burden if you find beyond a reasonable doubt that either of these two jurisdictional requirements has been satisfied.   As part of your finding, you must unanimously agree as to which of the two requirements, or both, has been satisfied.

> Adapted from the charges of the Honorable Loretta A. Preska in United States v. Sabir, 05 Cr. 673 (LAP) (S.D.N.Y. 2005); and the Honorable Sidney H. Stein in United States v. Paracha, 03 Cr. 1197 (SHS) (S.D.N.Y. 2005). See 18 U.S.C. § 2339B(d)(1) (current version) (setting out jurisdictional elements).

**REQUEST NUMBER 26**

**Count Four:**
**Receipt Of Military-Type Training**
**From A Foreign Terrorist Organization**
**(18 U.S.C. § 2339D)**

**Aiding and Abetting**

With respect to Count Four, you may also the defendant guilty on that count if you find beyond a reasonable doubt that the defendant aided and abetted others who committed the crime of receiving military-type training.   I have instructed you with respect to aiding and abetting, and you should apply my prior instructions here.

As I explained previously, a person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.   It is not necessary for the Government to show that the defendant physically committed the crime with which he is charged in order for you to find him guilty.

49

**REQUEST NUMBER 27**

**Count Five:
Possessing, Carrying, And Using A Firearm
During And In Relation
To A Crime Of Violence
(18 U.S.C. § 924(c))**

**The Indictment And The Statute**

Count Five charges that, from at least in or about February 2011 to in or about July 2011, the defendant possessed, used, or carried a firearm during and in relation to a crime of violence, specifically the crimes charged in Counts One to Four of the Indictment, or possessed a firearm in furtherance of at least one of those crimes.   Count Five also charges the defendant with "aiding and abetting," of which I have described to you already.

First, I will read Count Five of the Indictment to you.

*[The Court is respectfully requested to read Count Five of the Indictment.]*

The relevant statute is Section 924(c) of the Federal Criminal Code.   That provision makes it a crime for any person, "during and in relation to any crime of violence . . . [to] use[] or carr[y] a firearm," or, "in furtherance of any such crime, [to] possess[] a firearm." Count Five is to be considered only if you first find the defendant guilty of any of Counts One, Two, Three, or Four.

> Adapted from the charge of the Honorable Peter K. Leisure in
> United States v. Bradley, S 87 Cr. 1005 (PKL) (S.D.N.Y. 1988),
> aff'd sub nom., United States v. Meggett, 875 F.2d 24 (2d Cir.)
> (specifically approving charge), cert. denied, 493 U.S. 858 (1989),
> and from Sand, Modern Federal Jury Instructions, Instr. 35-76.

**REQUEST NUMBER 28**

**Count Five:**
**Possessing, Carrying, And Using A Firearm**
**During And In Relation**
**To A Crime Of Violence**
**(18 U.S.C. § 924(c))**

**Elements**

The elements of this crime are as follows:

First, that, from at least in or about February 2011 up to and including in or about July 2011, the defendant either used or carried or possessed a firearm;

Second, that the defendant used or carried the firearm during and in relation to a crime of violence, or the defendant possessed the firearm in furtherance of such a crime; and

Third, that the defendant acted unlawfully, willfully and knowingly.

Adapted from charge of the Honorable Shirley W. Kram in United States v. Germosa, S1 95 Cr. 486 (SWK) (S.D.N.Y. 2007). See also United States v. Jeffrey Otis Redden, 02 Cr. 1141 (LAK) (S.D.N.Y. July 27, 2004); United States v. Bradley, S 87 Cr. 1005 (PKL) (S.D.N.Y. 1988), aff'd sub nom. United States v. Meggett, 875 F.2d 24 (2d Cir.) (specifically approving charge), cert. denied, 493 U.S. 858 (1989); Sand, Modern Federal Jury Instructions, Instr. 35-78.

**REQUEST NUMBER 29**

**Count Five:**
**Possessing, Carrying, And Using A Firearm**
**During And In Relation**
**To A Crime Of Violence**
**(18 U.S.C. § 924(c))**

**First Element:    Using, Carrying, Or Possessing**

The first element that the Government must prove beyond a reasonable doubt with respect to Count Five is that the defendant used, carried or possessed a firearm.

**"Firearm"**

A firearm is any device that will, or is designed to, or may be readily converted to, expel a projectile by the action of an explosive, or the frame or receiver of any such weapon. Common sense will tell you that a gun meets the statutory definition of a firearm.

It does not matter whether the gun was operable at the time the defendant possessed it.

**"Use"**

"Use" of a firearm requires an "active employment" of the firearm by the person.    This does not mean that the defendant must have actually have fired or attempted to fire the weapon, although those would obviously constitute use of the weapon.    Brandishing, displaying, or even referring to the weapon so that others present knew that the defendant had the firearm available if needed all constitute use of the firearm.    The mere possession of a firearm at or near the site of the crime without active employment as I just described it is not, however, sufficient to constitute use of the firearm.

## "Carry"

A person "carries" a firearm if he transports or conveys the weapon, or has possession of it in the sense that, at a given time, he had both the power and intention to exercise control over it so that it was available in such a way that it furthered the commission of a drug trafficking crime. The defendant did not necessarily have to hold the firearm physically, that is, to have actual possession of it on his person.   If you find that the defendant had dominion and control over the place where the firearm was located, and had the power and the intention to exercise control over the firearm, and that the firearm was immediately available to him in such a way that it furthered the commission of the drug trafficking crime, you may find that the government has proved that he carried the weapon.

## "Possess"

Possession of a firearm in furtherance of a drug trafficking crime requires that the defendant possess, or aid and abet the possession of, a firearm and that the possession advance or move forward the crime.   The mere presence of a firearm is not enough.   Possession in furtherance requires that the possession be incident to and an essential part of the crime.   The firearm must have played some part in furthering the crime in order for this element to be satisfied.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 35-80 (1999) and from the charge of the Honorable Lewis A. Kaplan in United States v. Redden, 02 Cr. 1141 (LAK) (S.D.N.Y. 2004), and from the charge of the Honorable Denise L. Cote in United States v. Lopez, 03 Cr. 1102 (DLC) (S.D.N.Y. 2004).

**REQUEST NUMBER 30**

**Count Five:**
**Possessing, Carrying, And Using A Firearm**
**During And In Relation**
**To A Crime Of Violence**
**(18 U.S.C. § 924(c))**

**Second Element:   In Furtherance**
**of a Crime Of Violence**

The second element that the Government must prove beyond a reasonable doubt with respect to Count Five is that the defendant used or carried the firearm during and in relation to the commission of a crime of violence for which the defendant might be prosecuted in a court of the United States, or that the defendant possessed a firearm in furtherance of such a crime.

Thus, in order to convict the defendant of Count Five, you must find that he committed the one of the crimes of violence charged in Counts One, Two, Three, or Four.   I have already described those crimes for you.   Let me instruct you that the crimes charged in Counts One through Four are crimes of violence for which a person may be prosecuted in a court of the United States.

The Government can meet its burden on this element by proving that the defendant used or carried the firearm during and in relation to, or possessed a firearm in furtherance of, any one of these crimes of violence.   The Government need not prove all of them for the defendant to be guilty of Count Five, so long as all twelve of you are unanimous that the Government has proven at least one of the predicate crimes beyond a reasonable doubt, and you are unanimous as to which predicate crime, or crimes, the defendant possessed or used the firearm during and in relation to, or possessed the firearm in furtherance of.

54

Adapted from the charges of the Honorable Peter K. Leisure in
United States v. Bradley, 87 Cr. 1005 (PKL) (S.D.N.Y. 1988),
aff'd sub nom. United States v. Meggett, 875 F.2d 24 (2d Cir.)
(specifically approving charge), cert. denied, 493 U.S. 858 (1989),
and the Honorable John G. Koetl in United States v. Kevin
Ventura, 09 Cr. 1015 (JGK), and from Sand, Modern Federal Jury
Instructions, Instr. 35-79.

**REQUEST NUMBER 31**

**Count Five:**
**Possessing, Carrying, And Using A Firearm**
**During And In Relation**
**To A Crime Of Violence**
**(18 U.S.C. § 924(c))**

**Third Element:    Knowledge**

The third element of Count Five that the Government must prove beyond a reasonable doubt is that the defendant acted "unlawfully, willfully, and knowingly."

The word, "unlawfully," simply means contrary to law.    As I instructed you earlier, the defendant need not have known that he was breaking any particular law or any particular rule.   He need only have been aware of the generally unlawful nature of his acts.

An act is done "knowingly" and "willfully" if it is done deliberately and purposefully.    That is, the defendant's actions must have been his conscious objective rather than the product of a mistake or accident or mere negligence or some other innocent reason.

**REQUEST NUMBER 32**

**Count Five:**
**Possessing, Carrying, And Using A Firearm**
**During And In Relation**
**To A Crime Of Violence**
**(18 U.S.C. § 924(c))**

**Aiding and Abetting**

With respect to Count Five, the Indictment also charges the defendant with aiding and abetting others in the crime of using and possessing a firearm during and in relation to a crime of violence.

"Aiding and abetting" with respect to Count Five has the same meaning that it has for Counts Two and Four.   As I explained previously, a person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.   It is not necessary for the Government to show that the defendant physically committed the crime with which he is charged in order for you to find him guilty.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instrs. 11-1
and 11-2; and the charge of the Honorable John F. Keenan in
<u>United States</u> v. <u>Haouari</u>, 00 Cr. 15 (JFK) (S.D.N.Y. 2001).

## REQUEST NUMBER 33

## Venue

Federal law provides rules that govern where, that is, in what district, a criminal prosecution may be brought by the Government.    These are known as "venue" rules.    As you have heard throughout the trial, the acts alleged to have taken place occurred overseas, in various countries.    Nevertheless, American law provides that the defendant may be prosecuted here in the Southern District of New York if you find, by a preponderance of the evidence, that the defendant was first brought into the United States within the Southern District of New York.

I note that on the issue of venue and on this issue alone, the Government need not prove its position beyond a reasonable doubt.    It is sufficient if the Government proves venue by a mere preponderance of the evidence.    To prove something by a preponderance of the evidence means to prove that it is more likely true than not true.    It is determined by considering all of the evidence and deciding which evidence is more convincing.    If the evidence appears to be equally balanced, or if you cannot say upon which side it weighs heavier, you must resolve this question against the Government.

In instruct you that Westchester County, New York is within the Southern District of New York.

You should note that venue is satisfied as to all charges in the Indictment if you find that the defendant was first brought to the Southern District of New York after his arrest in the United Kingdom.    [*If applicable:*    The parties have stipulated that the defendant was first brought to the Southern District of New York.]

18 U.S.C. § 3238 ("The trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district in which the offender, or any one of two or more joint offenders, is arrested or is first brought. . . ."). Adapted from the jury instructions in <u>United States</u> v. <u>Yousef</u>, S12 93 Cr. 180 (KTD), at 5594-96 (Aug. 29, 1996).

## REQUEST NUMBER 34

### Time Of Crimes And Variance in Dates

The Indictment refers to various dates.    It does not matter if a specific event is alleged to have occurred on or about a certain date or month but the testimony indicates that in fact it was a different date or month.    The law requires only a substantial similarity between the dates and months alleged in the Indictment and the dates and months established by the evidence.

It also is not essential that the Government prove that the charged crimes started and ended at those times specified in the Indictment.    It is sufficient if you find that the conspiracies and substantive crimes charged existed for some of the time within the period set forth in the Indictment.    For example, the Indictment alleges that the conspiracy charged in Count One existed from at least in or about December 2010 up to and including in or about December 2011.    It is not essential that the Government prove that the defendant committed this crime on those precise dates; it is sufficient that you find, beyond a reasonable doubt, that the defendant was part of that conspiracy at some point inside the time frame alleged.    As I instructed you before, the duration and the extent of a defendant's participation in a conspiracy has no bearing on the issue of guilt.    A defendant need not have joined a conspiracy at the outset.    A defendant may have joined it for any purpose at any time in its progress, and the defendant still will be held responsible for everything that was done before he joined and everything that is done while the conspiracy continues to exist unless and until he affirmatively quits the conspiracy.

60

Adapted from the charges of Honorable John F. Keenan in <u>United States</u> v. <u>Haouari</u>, 00 Cr. 15 (JFK) (S.D.N.Y. 2001); and the Honorable Edward Weinfeld in <u>United States</u> v. <u>Della Rocca</u>, 72 Cr. 217 (EW) (S.D.N.Y. 1972).

### REQUEST NUMBER 35

### Cooperating Witnesses

There has been testimony before you by a cooperating witness.    Cooperating witnesses are frequently used by the Government to obtain leads and to obtain information about people suspected of violating the law.

Experience will tell you that the Government frequently must rely on the testimony of cooperating witnesses who participated in the criminal activity about which they testified in a trial.    For those very reasons, the law allows the use of the testimony of cooperating witnesses.    In fact, in federal courts, the law is that the testimony of an accomplice or cooperating witness in itself may be enough for conviction if the jury believes it proves guilt beyond a reasonable doubt.    So the testimony of the cooperating witnesses is properly considered by you.

Like the testimony of any other witness, cooperating witness testimony should be given the weight that it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor, candor, the strength and accuracy of a witness's recollection, his background, and the extent to which his testimony is or is not corroborated by other evidence in the case.

You heard testimony about an agreement between the Government and the cooperating witness.    I must caution you that it is no concern of yours why the Government made an agreement with a particular witness.    Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of a cooperating witness, you should ask yourselves whether the witness would benefit more by lying, or by telling the truth.    Was his testimony made up in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely?    Or did he believe that his interests would be best served by testifying truthfully?    If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth?    Did this motivation color his testimony?

If you find that the testimony was false, you should reject it.    If, however, after a cautious and careful examination of the accomplice witness's testimony and demeanor, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion.    Even if you find that a witness testified falsely in one part, you still may accept his testimony in other parts, or may disregard all of it.    That is a determination entirely for you, the jury.

Adapted from the charges of the Honorable Lewis A. Kaplan in
United States v. Redden, 02 Cr. 1141 (S.D.N.Y. 2004) (LAK); and
the Honorable John F. Keenan in United States v. Smith, 02 Cr.
104 (S.D.N.Y. 2002) (JFK).

63

## REQUEST NUMBER 36

### Use Of Recordings And Transcripts

*[If Applicable]*

The Government has offered evidence in the form of audio and video recordings. The Government has been permitted to hand out typed documents which it prepared containing the Government's interpretation of what appears on the recordings.   Those were given to you as an aid or guide to assist you in listening to the recordings.   However, as to those transcripts of discussions that were in English, the transcripts are not in and of themselves evidence.   You alone should make your own interpretation of what appears on the recordings based on what you heard.   If you think you heard something differently than what appeared on the transcript, then what you heard is controlling.

Some portions of the recordings were in foreign languages, specifically, Arabic. For that reason, it was necessary for the Government to obtain translations of those conversations into English.   The transcripts of those conversations embody the testimony of the Arabic interpreters called by the Government to testify *[OR as stipulated by the Government and the defendant]*.   It is the English translation of the transcript that is the evidence.   I emphasize to you that even if you understand the Arabic, it is still the English translation of the transcript that is the evidence and not the foreign language recordings.   In addition, in case any of you speak Arabic, you may not second guess the interpreter.   Remember that the jury is the ultimate fact-finder and, as with all of the evidence, you may give the transcripts such weight, if any, as you believe they deserve.

Similarly, translations of certain documents that were in foreign languages have been admitted into evidence, and these translations also embody the testimony of interpreters called by the Government to testify *[OR as stipulated by the Government and the defendant].* Again, it is the English translation of the transcript that is the evidence.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instrs. 5-9, 5-10, 5-11; and the charge of the Honorable Pierre N. Leval in <u>United States</u> v. <u>Mucciante</u>, 91 Cr. 403 (PNL) (S.D.N.Y. 1992). <u>See</u> <u>United States </u>v. <u>Ulerio</u>, 859 F.2d 1144, 1145 (2d Cir. 1988) (not abuse of discretion to admit foreign language transcripts in evidence).

## **REQUEST NUMBER 37**

## **Particular Investigative Techniques Not Required**

*[If Applicable]*

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government.    There is no legal requirement, however, that the Government prove its case through any particular means.    While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques.    The Government is not on trial.    Law enforcement techniques are not your concern.

Your concern is to determine whether, on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt for each count.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 4-4; and from the charges of the Honorable Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and the Honorable John F. Keenan in United States v. Medina, 91 Cr. 894 (JFK) (S.D.N.Y. 1992).

## REQUEST NUMBER 38

### Statements Of The Defendant

There has been evidence that the defendant made statements to law enforcement authorities.

Evidence of these statements was properly admitted in this case, and may be properly considered by you.   You are to give the statements such weight as you feel they deserve in light of all the evidence.

Whether you approve or disapprove of the use of these statements may not enter your deliberations.   I instruct you that the statements were both made and obtained in a lawful manner, and that no one's rights were violated and that the Government's use of this evidence is entirely lawful.

Adapted from Sand, Modern Federal Jury Instructions, 5-19 and 5-20, and from the charge of the Honorable Michael B. Mukasey in United States v. Abdul Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999) (in context of government's use of tape recordings).

**REQUEST NUMBER 39**

**Consciousness Of Guilt From Evidence
Of False Exculpatory Statements**

You have heard testimony that the defendant made certain statements to law enforcement agents in which he denied certain conduct or claimed certain conduct was consistent with innocence and not with guilt.   The Government claims that these statements in which the defendant exonerated or exculpated himself are false.

False exculpatory statements are circumstantial evidence of a defendant's consciousness of guilt and have independent probative value.   If you find that the defendant made a false statement in order to divert suspicion from himself, you may, but are not required to, draw the conclusion that the defendant believed that he was guilty.   You may not, however, draw the conclusion on the basis of this alone that the defendant is, in fact, guilty of the crimes with which he is charged.

Whether or not evidence as to a defendant's statements shows that he believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 6-11.
See United States v. Gaviria, 740 F.2d 174, 184 (2d Cir. 1984)
("[F]alse exculpatory statements made to law enforcement officials
are circumstantial evidence of a consciousness of guilt and have
independent probative force") (quoting United States v. Johnson,
513 F.2d 819, 824 (2d Cir. 1975)).

## **REQUEST NUMBER 40**

## **Preparation Of Witnesses**

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, you should keep in mind that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.   Such consultation helps conserve your time and the Court's time.   In fact, it would be unusual for a lawyer to call a witness without having such a consultation beforehand.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Adapted from the charge of the Honorable Michael B. Mukasey in United States v. Abdul Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

## **REQUEST NUMBER 41**

### **Stipulation Of Facts**

*[If Applicable]*

In this case you have heard evidence in the form of stipulations of fact.   A stipulation of fact is an agreement between the parties that a certain fact is true.   You should regard such agreed facts as true.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-6.

## **REQUEST NUMBER 42**

## **Stipulation Of Testimony**

*[If Applicable]*

In this case you have also heard evidence in the form of various stipulations of testimony.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony.   You must accept as true the fact that the witness would have given the testimony.   However, it is for you to determine the effect to be given that testimony.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-7.

## REQUEST NUMBER 43

### Persons Not On Trial

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant, from the fact that any person in addition to the defendant is not on trial here.   You also may not speculate in any way as to the reason or reasons why other persons are not on trial.   Those matters are wholly outside your concern and have no bearing on your function as jurors.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 3-4.

## **REQUEST NUMBER 44**

### **Defendant's Testimony**

*[Requested Only if the Defendant Testifies]*

A defendant in a criminal case never has any duty to testify or come forward with any evidence.    This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and a defendant is presumed innocent.    In this case, the defendant did testify and was subject to cross-examination like any other witness. You should examine and evaluate the testimony just as you would the testimony of any witness with an interest in the outcome of the case.

<u>See</u> <u>United States</u> v. <u>Brutus</u>, 505 F.3d 80, 88 & n.7 (2d Cir. 2007);
<u>United States</u> v. <u>Gaines</u>, 457 F.3d 238, 249 & n.9 (2d Cir. 2006).

## **REQUEST NUMBER 45**

## **Defendant's Right Not To Testify**

### *[If Requested by the Defense]*

The defendant did not testify in this case.    Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt.    That burden remains with the Government throughout the entire trial.    It never shifts to a defendant.    In our system, a defendant is not required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against the defendant may be drawn by you because the defendant did not take the witness stand.    You may not consider this against the defendant in any way.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 5-21.

74

**REQUEST NUMBER 46**

**Acts and Statements Of Co-Conspirators**

You will recall that I have admitted into evidence against the defendant the acts and statements of others because these acts and statements were committed by persons who, the government charges, were also confederates or co-conspirators of the defendant on trial.

The reason for allowing this evidence to be received against the defendant has to do with the nature of the crime of conspiracy.    A conspiracy is often referred to as a partnership in crime.    Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions.

If you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy charged in a particular Count of the Indictment, then, any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy, may be considered against the defendant.    This is so even if such acts were done and statements were made in the defendant's absence and without his knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of the defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme. If the acts were

done or the statements made by someone whom you do not find to have been a member of the

conspiracy or if they were not done or said in furtherance of the conspiracy, they may be

considered by you as evidence only against the member who did or said them.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 19-9.

## REQUEST NUMBER 47

### Character Testimony

*[If Applicable]*

You have heard testimony that the defendant has a good reputation for honesty and truthfulness in the community where he lives.

Along with all the other evidence you have heard, you may take into consideration what you believe about the defendant's honesty and truthfulness when you decide whether the Government has proven, beyond a reasonable doubt, that he committed the crimes charged.

> Adapted from the charge in United States v. Pujana-Mena, 949 F.2d 24, 27-31 (2d Cir. 1991) (specifically approving charge).   A defendant is not entitled to a charge that character evidence "standing alone" is enough for acquittal.   See id. (strongly criticizing such charges as "potentially misleading and confusing").

## REQUEST NUMBER 48

## Uncalled Witness Equally Available To Both Sides

### *[If Applicable]*

There are people whose names you heard during the course of the trial, but who did not appear here to testify.   I instruct you that all parties had an equal opportunity or lack of opportunity to call any of these witnesses.   Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.   Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 6-7.

## **REQUEST NUMBER 49**

### **Charts And Summaries**

*[If Applicable]*

Some charts and summaries were shown to you to make the other evidence more meaningful and to aid you in considering the evidence.   They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration to these charts or summaries than you would give to the evidence upon which they are based.

It is for you to decide whether the charts correctly present the information in the testimony and the documents on which they were based.   You are entitled to consider the charts, schedules, and summaries if you find that they are of assistance to you in analyzing the evidence and understanding the evidence.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-13.

## REQUEST NUMBER 50

### Expert Testimony

You have heard testimony from people who are classified as expert witnesses. An expert is allowed to express his or her opinion on matters about which he has specialized knowledge and training.   Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing the expert's testimony, you may consider the expert's qualifications, his or her opinions, his or her reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether to believe a witness' testimony.    You may give expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.   You should not, however, accept witness testimony simply because the witness is an expert.   Nor should you substitute such testimony for your own reason, judgment, and common sense.   The determination of the facts in this case rests solely with you.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 7-21.

## **REQUEST NUMBER 51**

### **Evidence Obtained Pursuant To Search**

You have heard testimony about evidence that was seized in various searches, including searches conducted outside the United States, by foreign authorities.   Evidence obtained from these searches was properly admitted in this case, and may be properly considered by you.   Whether you approve or disapprove of how it was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt.

Adapted from the charge of the Honorable Pierre N. Leval in United States v. Ogando, 90 Cr. 469 (PNL) (S.D.N.Y. 1991), aff'd, 968 F.2d 146 (2d Cir. 1992).

**REQUEST NUMBER 52**

**Law Enforcement Witnesses**

You have heard the testimony of various members of law enforcement.    The fact that a witness may be employed by the Government, or by a foreign government, as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or Government employee witness, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 7-16.

## **REQUEST NUMBER 53**

## **Redaction Of Evidentiary Items**

*[If Applicable]*

During the course of the trial, we have seen, among the exhibits received in evidence, some documents or recordings that are redacted.    "Redacted" means that part of the document or recording was taken out.    You are to concern yourself only with the part of the item that has been admitted into evidence.    You should not consider any possible reason why the other part of it has been deleted.

83

## REQUEST NUMBER 54

### Multiple Counts

As I noted at the beginning, the Indictment contains five counts.   Each count charges the defendant with a different crime.

You must consider each count of the Indictment separately, and you must return a separate verdict for each count in which the defendant is charged.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 3-8.

## REQUEST NUMBER 55

### Punishment Is Not To Be Considered By The Jury

In determining whether the Government has proven the charges beyond a reasonable doubt, you should not consider the question of possible punishment, in the event you are to find the defendant guilty as charged.    Under our system, sentencing or punishment is exclusively the function of the court.    It is not your concern and you should not give any consideration to that issue in determining what your verdict will be.

Therefore, I instruct you not to consider punishment or possible punishment at all in your deliberation in this case.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 9-1.

## **REQUEST NUMBER 56**

### **Sympathy: Oath As Jurors**

Under your oath as jurors you are not to be swayed by sympathy.    You are to be guided solely by the evidence in the case, and the crucial question that you must ask yourselves as you sift through this evidence is:    Has the Government proven its case beyond a reasonable doubt?    You are to determine this solely on the basis of the evidence and subject to the law as I have charged you.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 2-12.

## REQUEST NUMBER 57

### Right To Hear Testimony;
### Communications With The Court; Note-Taking

You are about to go into the jury room and begin your deliberations.   If during those deliberations you want to see any of the exhibits, please ask for them.   If you want any of the testimony read to you, or given to you in hard copy, that can be done.   But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting portions of testimony which you may want.

Your requests for exhibits or testimony—in fact, any communications with the court—should be made to me in writing, signed by your foreperson, and given to one of the Marshals.   I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with you in person.   In any communication, please do not tell me or anyone else how the jury stands on the issue of the defendant's guilt until after a unanimous verdict is reached.

Some of you have taken notes during parts of the trial.   Please recall my earlier instruction regarding note-taking.   Notes can be useful to focus a note-taker's attention, and may aid the recollection of the note-taker.   Note-taking may, however, distract a note-taker from hearing or seeing other important evidence.   Notes should be used solely to refresh the note-taker's recollection of the testimony, and are not a substitute for the transcript of the testimony, which has been taken down verbatim by the court reporter.   Just because one juror has taken notes does not mean the notes are any more accurate than any other jurors' recollection.   And please remember that if notes were taken during the lawyers' arguments, the

lawyers' arguments are not evidence.

**REQUEST NUMBER 58**

**Verdict Must Be Unanimous**

Your function now is to weigh the evidence in this case and to determine whether the Government has proven its case with respect to each Count and beyond a reasonable doubt.

You must base your verdict solely on the evidence and these instructions as to the law.   You are obliged on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.    To return a verdict, it is necessary that each juror agree.    Your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.    In the course of your deliberations, do not hesitate to re-examine your own views, and to change an opinion if you become convinced that it is mistaken.    But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors or merely for the purpose of returning a verdict.

Remember at all times, you are not partisans.    You are judges—judges of the facts.    Your sole interest is to seek the truth from the evidence in the case.    Remember that your verdict must be rendered without fear or favor, and without prejudice or sympathy.

You are free to select any foreperson you like.    The foreperson will preside over your deliberations, and will be your spokesperson here in court.    That is simply for

89

convenience, and it gives him or her no greater authority, and his or her vote has no greater

weight than that of any other juror.    During your deliberations, please communicate with the

court only in writing and only through your foreperson.

Dated:          New York, New York
                December 9, 2015

                            Respectfully submitted,

                            PREET BHARARA
                            United States Attorney
                            Southern District of New York
                            Attorney for the United States
                            of America


                By:      _____/s/_____
                            Sean S. Buckley
                            Anna M. Skotko
                            Shane T. Stansbury
                            Assistant United States Attorneys
                            (212) 637-2261 / -1591 / -2641