UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------x

UNITED STATES OF AMERICA

       -against-                                 12 Cr. 423 (AJN)

MINH QUANG PHAM,

          **Defendant.**

-------------------------------------------------x

# DEFENDANT'S OBJECTIONS TO GOVERNMENT'S REQUESTS TO CHARGE

Bobbi C. Sternheim, Esq.
33 West 19th Street – 4th Floor
New York, NY 10010
212-243-1100

# DEFENDANT'S OBJECTIONS TO GOVERNMENT'S REQUESTS TO CHARGE

Defendant Minh Quang Pham objects to those portions of the Government's Requests to Charge underlined in bold.

Defendant reserves the right to make further objections and submit further requests in accordance with the evidence, or lack thereof, adduced at trial.

REQUEST NO. 34

Cooperating Witnesses

There has been testimony before you by one or more cooperating witnesses. Cooperating witnesses are frequently used by the Government to obtain leads and to obtain information about people suspected of violating the law.

**Experience will tell you that the Government frequently must rely on the testimony of cooperating witnesses who participated in the criminal activity about which they testified in a trial. For those very reasons,** the law allows the use of the testimony of cooperating witnesses. In fact, in federal courts, the law is that the testimony of an accomplice or cooperating witness in itself may be enough for conviction if the jury believes it proves guilt beyond a reasonable doubt. So the testimony of the cooperating witnesses is properly considered by you.

Like the testimony of any other witness, cooperating witness testimony should be given the weight that it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor, candor, the strength and accuracy of a witness's recollection, his background, and the extent to which his testimony is or is not corroborated by other evidence in the case.

You heard testimony about agreements between the Government and the cooperating witness. **I must caution you that it is no concern of yours why the Government made an agreement with a particular witness.** Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of a cooperating witness, you should ask yourselves whether the witness would benefit more by lying, or by telling the truth. Was his testimony made up in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely? Or did he believe that his interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth? Did this motivation color his testimony?

If you find that the testimony was false, you should reject it. If, however, after a cautious and careful examination of the accomplice witness's testimony and demeanor, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept his testimony in other parts, or may disregard all of it. That is a determination entirely for you, the jury.

Adapted from the jury instructions in United States v. Jeffrey Otis Redden, 02 Cr. 1141 (S.D.N.Y. 2004) (LAK); United States v. Paa Smith, 02 Cr. 104 (S.D.N.Y. 2002) (JFK).

# REQUEST NO. 36

## Particular Investigative Techniques Not Required
*[If Applicable]*

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government. There is no legal requirement, however, that the Government prove its case through any particular means. **While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques. The Government is not on trial. Law enforcement techniques are not your concern.**

Your concern is to determine whether, on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt for each count.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 4-4; and from the charges of the Honorable Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and the Honorable John F. Keenan in United States v. Medina, 91 Cr. 894 (JFK) (S.D.N.Y. 1992).

# REQUEST NO. 37

## Statements Of The Defendant

There has been evidence that the defendant made statements to law enforcement authorities.

Evidence of these statements was properly admitted in this case, and may be properly considered by you. You are to give the statements such weight as you feel they deserve in light of all the evidence.

**Whether you approve or disapprove of the use of these statements may not enter your deliberations**. I instruct you that the statements were both made and obtained in a lawful manner, and that no one's rights were violated and that the Government's use of this evidence is entirely lawful.

Adapted from Sand, Modern Federal Jury Instructions, 5-19 and 5-20, and from the charge of the Hon. Michael B. Mukasey in United States v. Abdul Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999) (in context of government=s use of tape recordings).

## REQUEST NO. 38

**Consciousness Of Guilt From Evidence Of False Exculpatory Statements**

**You have heard testimony that the defendant made certain statements to law enforcement agents in which he denied certain conduct or claimed certain conduct was consistent with innocence and not with guilt. The Government claims that these statements in which the defendant exonerated or exculpated himself are false.**

**False exculpatory statements are circumstantial evidence of a defendant=s consciousness of guilt and have independent probative value. If you find that the defendant made a false statement in order to divert suspicion from himself, you may, but are not required to, draw the conclusion that the defendant believed that he was guilty. You may not, however, draw the conclusion on the basis of this alone that the defendant is, in fact, guilty of the crimes with which he is charged.**

**Whether or not evidence as to a defendant's statements shows that he believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.**

Adapted from Sand, Modern Federal Jury Instructions, Instr. 6-11; see United States v. Gaviria, 740 F.2d 174, 184 (2d Cir. 1984) (A[F]alse exculpatory statements made to law enforcement officials are circumstantial evidence of a consciousness of guilt and have independent probative force) (quoting United States v. Johnson, 513 F.2d 819, 824 (2d Cir. 1975)).