UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

UNITED STATES OF AMERICA

    -against-                                                 12 Cr. 423 (AJN)

MINH QUANG PHAM,

        Defendant.

------------------------------------------------------x


**DEFENDANT'S RESPONSE TO GOVERNMENT'S FIRST MOTION *IN LIMINE*
TO PRECLUDE TESTIMONY PURSUANT TO RULE 12.2 REGARDING
MENTAL DISEASE OR DEFECT**


**Bobbi C. Sternheim, Esq.**
33 West 19th Street – 4th Floor
New York, NY 10010
212-243-1100

# DEFENDANT'S RESPONSE TO GOVERNMENT'S FIRST MOTION *IN LIMINE* TO PRECLUDE TESTIMONY PURSUANT TO RULE 12.2 REGARDING MENTAL DISEASE OR DEFECT

In urging that defendant's Rule 12.2 notice be stricken as untimely, the government argues that "the defense has been aware of the defendant's claimed mental disease or defect *since at least May 2012*. Notwithstanding that, in connection with the U.S. proceedings, the defense delayed serving notice of its intent to offer such evidence until nearly 8 months after he was extradited to the United States, which was more than three years since the issue of Pham's mental health was raised in connection with the extradition proceedings in the United Kingdom." (Govt First Motion *In Limine* at 5, emphasis added).

This assertion completely ignores the fact that Pham's first court appearance was March 2, 2015 and his current counsel was appointed on April 10, 2015.  Current defense counsel first learned of Pham's mental health issues in late September 2015 through inquiry of Pham's UK counsel, who required release authorizations for disclosure. After reviewing the reports and conducting due diligence in support of filing Rule 12.2 notice, notice was filed on October 26, 2015.  Moreover, the government, unlike defense counsel, was involved in this case since at least 2012, and was aware of the mental disease claim.

The purpose of notice is to alert the opposing party.  Here, the opposing party was alerted to the possibility of a mental health claim *years* in advance of defense counsel. The government's reaction represents form over substance.  Ironically, the government would be the first to claim "no harm, no foul" if the defense claimed a failure to disclose *Brady* material of which the defense was already aware.

The government's protestation is essentially meritless.

For reasons unrelated to the government's motion, the defense does not intend to offer evidence pursuant to Rule 12.2.

Dated: December 23, 2015

Respectfully submitted:

*Bobbi C. Sternheim*

BOBBI C. STERNHEIM