UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x

UNITED STATES OF AMERICA

    -against-                                        12 Cr. 423 (AJN)

MINH QUANG PHAM,

        Defendant.
-----------------------------------------------------x

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S RULE 404(B) MOTION**

**Bobbi C. Sternheim, Esq.**
**33 West 19th Street – 4th Floor**
**New York, NY 10010**
**212-243-1100**

1

## DEFENDANT'S OPPOSITION TO GOVERNMENT'S RULE 404(B) MOTION

Defendant hereby responds in opposition to the government's motion to offer at trial evidence of uncharged acts and crimes, specifically evidence and testimony regarding: (i) Pham's alleged creation and use of a fraudulent visa to pass through checkpoints in Yemen; (ii) Pham's detention at a checkpoint in Yemen and alleged efforts to bribe Yemeni government officials; and (iii) Pham's arrest in the United Kingdom for possession of a round of ammunition. This evidence should be precluded for the reasons discussed below.

The government contends that "events surrounding each of these uncharged acts are powerful direct evidence of Pham's efforts to join al Qa'ida in the Arabian Peninsula ("AQAP"), his subsequent membership in AQAP, his receipt of military training, and his possession and use of a firearm in furtherance of the crimes charged in the Indictment." (Govt. 404B Motion at 1.)  At best, evidence of Pham's alleged creation and use of a fraudulent visa and alleged efforts to bribe Yemeni government officials are evidence of Pham's efforts to remain in and travel through Yemen.  The proffered evidence is based solely on uncorroborated FBI 302s summarizing alleged statements made by Pham during transport from the United Kingdom to the United States following exhaustion of extradition proceedings. (*See* Exhibits 1 -3, annexed to the government's motion.)  The government has not produced a copy of the alleged forged visa or anything to substantiate the contents of the FBI 302s.

The government categorizes Pham's possession of a single bullet (compatible with an AK-47 assault rifle) as "powerful direct evidence of the military training that Pham received from AQAP while in Yemen" and "his illegal possession of an automatic firearm in furtherance of the terrorism offenses charged in the Indictment." (See Govt. 404B Motion at

1). Pham was not criminally charged by the UK for possession of the single bullet; there is not indication of any intent to violate UK law. Furthermore, mere possession of bullets and AK47 assault rifles is not illegal in Yemen. Ironically, Yemen, is the second most heavily armed country country in the world per capita after the United States, and efforts to legislate control have been unsuccessful. *See, e.g.,* [http://www.theatlantic.com/international/archive/2013/02/gun-control-yemen-style/273058/](http://www.theatlantic.com/international/archive/2013/02/gun-control-yemen-style/273058/).   AK47s and ammunition, as well as vast assortment of firearms, abound in Yemen, contradicting the government's contention that Pham received the single bullet from AQAP.

The prejudicial impact of the proffered evidence outweighs its probative value.  The government should be precluded from offering such evidence during its case-in-chief. Should the Court be inclined to permit introduction of the requested evidence, defendant requests that the Court direct the government to provide a detailed proffer of the evidence to be offered support.

Dated: December 23, 2015

                                              Respectfully submitted:

                                              *Bobbi C. Sternheim*

                                              BOBBI C. STERNHEIM