UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

UNITED STATES OF AMERICA

      -against-                                                       12 Cr. 423 (AJN)

MINH QUANG PHAM,

                Defendant.

------------------------------------------------------x

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT
OF PARTIAL ATTORNEY-CONDUCTED *VOIR DIRE***

Bobbi C. Sternheim, Esq.
33 West 19th Street – 4th Floor
New York, NY 10010
212-243-1100

1

### DEFENDANT'S REPLY MEMORANDUM IN SUPPORT
### OF PARTIAL ATTORNEY-CONDUCTED *VOIR DIRE*

This reply memorandum is submitted in support of Pham's motion seeking partial attorney-conducted *voir dire*. In its opposition to the motion, the government erroneously states: "Pham asks the Court to disregard the accepted practice in this District – indeed, the accepted practice in this Circuit and almost every other Circuit – of having the Court conduct the questioning of the *venire*." Pham's request in no way eliminates the Court's traditional practice; rather it seeks to supplement that practice by permitting limited – 30 minutes per party –attorney-conducted *voir dire* in light of the current climate of Islamaphobia and fear of terrorism.

To fault the defense motion because it does not cite cases where attorney-conducted *voir dire* has been permitted ignores the reality that when courts have permitted the practice, the issue is unlikely to be raised on appeal and may have eliminated any need for an appeal.

Pham is facing terrorism charges; and at least one charge exposes him to a life sentence. The government's concern that 60 minutes would impact efficiency is trivial. The government's argument that the request is contrary to this District's "long-standing practice" ignores the fact that the Court is vested with discretion to veer from tradition and to grant the request. *See* Fed. R. Crim. P. 24(a)(1) ("The court may examine prospective jurors or *may permit the attorneys for the parties to do so*"); *Rosales-Lopez* v. *United States*, 451 U.S. 182, 189, 101 S. Ct. 1629, 1634-35 (1981) ("[Federal judges have been *accorded ample discretion* in determining how best to conduct the *voir dire*.")(Emphasis added.)

2

The government's concern about improper questioning and engagement in notorious state court practices, ignores Pham's specific request and assurances for partial attorney-conducted *voir dire*: not to repeat questions already asked by the Court nor to ramble on in an effort to establish rapport with the jurors but to restrict themselves to new or proscribed areas of examination or relevant follow-up examination to ferret out bias and prejudice.

This is not a typical case and these are not typical times. The non-traditional circumstances of the case and the current climate of fear and loathing in response to terrorism and Muslims prompt "a break from this long-standing practice." For this reason, the Supreme Court has entrusted control of *voir dire* to the district court if it wishes to exercise that power and that power includes permitting the attorneys for the parties to conduct questioning of prospective jurors. See, e.g., *Rosales-Lopez* v. *United States,* 451 U.S. 182, 189, 101 S. Ct. 1629, 1634-35 (1981) ("[F]ederal judges have been accorded ample discretion in determining how best to conduct the *voir dire*.")    For this reason, the Supreme Court has entrusted control of *voir dire* to the district court if it wishes to exercise that power.

The defense has legitimate reason to be deeply concerned about overwhelming challenge of empaneling a fair and impartial juror to decide terrorism case against a non-citizen Muslim. The typical *voir dire* conducted in this District is insufficient to meet this challenge. Among the inadequacies of the long-standing method are: the use of the show-of-hands approach for juror responses, assuming that lack of hand-raising is an a confirmatory "yes" or "no" depending on the question, failing to engage each juror in constructive dialogue concerning bias, prejudice and preconception, accepting a mere "I

can be fair" without making sufficient inquiry to tease out bias and prejudice, failing to require each juror to state on the record his/her answer to each question,

Neither precedent nor habit should bar a permissible modification when circumstances require a different approach to ensure justice.  The request for partial attorney-conducted *voir dire* is neither novel nor new; rather, it is appropriate for this case in these times.

Accordingly, there is ample precedent in post-September 11, 2001 terrorism prosecutions for Court-conducted *voir dire.* As such, the defendant's motion should be denied on that basis as well.

Dated: December 30, 2015

                                                       Respectfully submitted,

                                                       *Bobbi C. Sternheim*
                                                       BOBBI C. STERNHEIM