COURT EXHIBIT # 3
DATE: 1/8/2016
TIME: _____
CASE: 12-cr-423 (AJN)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA     :     DEFENDANT'S PLEA STATEMENT IN
                                   SUPPORT OF JUDICIAL REMOVAL
     - v. -                  :

MINH QUANG PHAM,             :     12 CR 423 (AJN)

          Defendant.         :

- - - - - - - - - - - - - - - - X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JAN 1 2 2016

MINH QUANG PHAM, defendant in the above-captioned criminal proceeding, hereby states as follows:

1. My true and correct name is Ming Quang Pham.

2. I received a Notice of Intent to Request Judicial Removal ("Notice"), dated January 5, 2016. I am the person identified in that document. I hereby waive my right, pursuant to Section 238(c)(2)(A) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1228(c)(2)(A), to have the Notice served upon me prior to the commencement of the trial or entry of a guilty plea in this case.

3. I received the Factual Allegations in Support of Judicial Removal ("Allegations"), dated January 5, 2016. I hereby waive my right, pursuant to Section 238(c)(2)(B) of the INA, 8 U.S.C. § 1228(c)(2)(B), to have the allegations served 30 days prior to sentencing.

4. My rights in a judicial removal proceeding have been fully explained to me by my attorney, Bobbi C. Sternheim, Esq. After consultation with counsel and understanding the legal

consequences of doing so, I knowingly and voluntarily waive the right to the notice and hearing provided for in Section 238(c)(2) of the INA, 8 U.S.C. § 1228(c)(2), and further waive any and all rights to appeal, reopen, reconsider, or otherwise challenge this order. I understand and knowingly waive my right to a hearing before an immigration judge or any other authority under the Immigration and Nationality Act ("INA"), on the question of my removability from the United States. I understand the rights I would possess in a contested administrative proceeding and I waive these rights, including my right to examine the evidence against me, present evidence on my own behalf, and cross-examine witnesses presented by the United States. I understand these rights and waive further explanation by the Court.

5. I hereby admit that all of the factual allegations set forth in the Allegations are true and correct as written.

6. I hereby concede that I am removable from the United States pursuant to Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act of 1952 ("INA"), as amended, 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an alien who, at the time of application for admission, was not in possession of a valid immigrant visa reentry permit, border crossing identification card, or other valid entry document required by the INA, Section 212(a)(7)(B)(i)(II) of the INA, as amended, 8 U.S.C. §1182(a)(7(B)(i)(II), as a nonimmigrant who is not in possession of a valid visa or entry documents at the time of application for admission, and under

Section 212(a)(2)(A)(i)(I) of the INA, as amended, 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien who has been convicted of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime.

7. I hereby waive any and all rights I may have to any and all forms of relief or protection from removal, deportation, or exclusion under the INA, as amended, and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: asylum; withholding of removal under Section 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3); any protection from removal pursuant to Article 3 of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. §§ 208.16-17 and 1208.16-17, cancellation of removal; adjustment of status; registry; *de novo* review of a denial or revocation of temporary protected status (current or future); waivers under Sections 212(h) and 212(i) of the INA, 8 U.S.C. §§ 1182(h), 1182(i); visa petitions; consular processing; voluntary departure or any other possible relief or protection from removal available under the Constitution, laws or treaty obligations of the United States.

8. I agree to the entry of a stipulated judicial order of removal pursuant to Section 238(c)(5) of the INA, 8 U.S.C. § 1228(c)(5). I acknowledge that I have not been persecuted in, and have no present fear of persecution in the United Kingdom, the

country of my citizenship. I further acknowledge that I have not been tortured in, and have no present fear of torture in the United Kingdom, the country of citizenship.

9. I consent to the introduction of this statement as an exhibit in the record of these judicial removal proceedings. I further agree to make the judicial order of removal a public document, waiving my privacy rights, including any privacy rights that might exist under 8 C.F.R. § 208.6.

10. I agree to assist U.S. Immigration and Customs Enforcement ("ICE") in the execution of my removal. Specifically, I agree to assist ICE in the procurement of any travel, identity, or any other documents necessary for my removal; to meet with and to cooperate with representatives of any country to which I may by statute be removed if ICE so requests; and to execute any forms, applications, or waivers needed to execute or expedite my removal. I further understand that my failure or refusal to assist ICE in the execution of my removal may subject me to criminal penalties under Section 243 of the INA, 8 U.S.C. § 1253.

11. I concede that the entry of this judicial order of removal renders me permanently inadmissible to the United States. I agree that I will not enter, attempt to enter, or transit through the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the U.S. government.

12. I will accept a written order issued by this Court for my

removal from the United States to the United Kingdom, and I waive any and all rights to challenge any provision of this agreement in any U.S. or foreign court or tribunal.

\_\_\_1/6/16_____    \_\_\_\_*MINH PHAM*_____
Date                      Minh Quang Pham
                          Defendant

\_\_\_1/6/16_____    _____
Date                      Bobbi C. Sternheim, Esq.
                          Attorney for the Defendant