UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.                                    12 CR 423 (AJN)

Minh Quang Pham                  # 72016-054
DEFENDANT

                              RE: § 2255 Legal
                                   Assistance

Dear Judge,

     I am writing to you because I am
currently housed in pursuant to 28 C.F.R. § 501.3
(Special Administrative Measures "S.A.M's")
and all my personal and legal Communication is
Severely restricted.

During the past 2 years I have learnt that
certain legal issues that Could affect me have
Come to light:

(page 1)

Specifically Justice Scalia decision in
Johnson v. U.S. 135 s. ct 2551 (2015), that the
"residual clause" definition of "crime of violence"
of the Armed Career Criminal Act ("ACCA")
Contained in 18 U.S.C. § 924 (e)(2)(B)(ii) was
unConstitutionally "void for vagueness" under
the 5th Amendment's Due Process clause, then
in April, 17 (2018), the Supreme Court affirmed
the Judgment of the Court of Appeals.
    See: Sessions v. Dimaya, 2018 U.S. LEXIS
2497 (2018), and most recently in
Chapman v. U.S.

Being a foreign national whose first language
is not English and unschooled in legal matters
and on S.A.M's restriction, I suffer several
disadvantages on top of which there is a
time limits for 1 year from April 17 (2018).
                    (Page 2)

I believe, with these changes in the definition of what constitutes a "crime of violence", I have legal cause to challenge the length of my 40 years Sentence, therefore I ask this Court for appointment of Counsel to assist in exceedingly Complex legal issues to do So.

The changes Could directly affect Specifically my Count 5 Conviction: 18 U.S.C 924 (c)(1)(B)(ii) "carrying and using a Machine gun, in furtherance of Crimes of violence" to which the Judge Sentenced me to manditory minimum of 30 years.

Respectfully Submitted

Minh PHAM

Minh Quang Pham

Reg: 72016-054

12 CR. 423 (AJN)

July 24 (2018)

( Page 3 )

BP-A0327

RETURNED CORRESPONDENCE

CDFRM APR 10

U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

---

| TO:  Daniel M. Perez, Attorney | FROM:  United States Penitentiary<br>Administrative Maximum<br>P.O. Box 8500<br>Florence, CO 81226-8500 |
|---|---|
| RE:   PHAM, Minh Quang<br>Reg. No. 72016-054 | DATE:  September 6, 2017 |

SUBJECT:    Correspondence with Inmate Returned

Your correspondence to the above named inmate is being returned.    This
correspondence was not delivered to the inmate because the inmate is not approved to
correspond from you.

---

The rejection of this correspondence is in accordance with the Federal Bureau of
Prisons policy  on  "Correspondence"  as  published  in Title 28 Code of Federal
Regulations, Part 540 and in the Federal Bureau of Prisons Program Statement on
correspondence.   You have the right to appeal this rejection by writing the Warden in
care of the above address.   The inmate to whom you addressed your correspondence has
been notified that this correspondence has been returned to you and of his or her right
to appeal the rejection.

Jack Fox, Complex Warden

Record Copy - Addressee (with Correspondence); Copy - Inmate; Copy - File
(with copy of Correspondence)

WDP                            Prescribed by P5800          Replaces BP-327(58) of FEB 84

BP-229 RESPONSE                                   Case Number: 925445-F1

Your Request for Administrative Remedy dated December 13, 2017, and received in this office on December 18, 2017, has been reviewed.  Specifically, you claim you sent mail to your family on November 6 2017, and it is being delayed by outside agencies beyond fourteen (14) days.  As relief, you request the letters be forwarded to your family.

A review of the issues raised in your Request for Administrative Remedy has been conducted.  The results of the review revealed the referenced correspondence was processed in accordance with the Special Administrative Measures (SAM).  Per the SAM, all non-legal correspondence is copied and forwarded to the Federal Bureau of Investigation (FBI) for analysis and approval prior to being forwarded for delivery to you (incoming), or directly to the addressee (outgoing).   Time periods for analysis are set forth in Paragraph 3(g)(iv), of the SAM.  For correspondence written entirely in the English language, a reasonable time period for government analysis is fourteen (14) business days; however, if the correspondence includes any statements, phrases and/or writing in a language other than English, the correspondence is sent for translation and the reasonable time period for analysis is extended to sixty (60) business days.  Additionally, where the federal government has reasonable suspicion to believe that a code was used, a reasonable time period for analysis is sixty (60) business days, to allow for decoding.  With regard to your request to receive a notification concerning the delay, the SAM provides you will be notified in writing of the seizure of any mail that is determined by the Federal Bureau of Prisons or the FBI to contain overt or covert discussions of or requests for illegal activities, the soliciting or encouraging of acts of violence, or actual or attempted circumvention of the SAM.

Accordingly, your Request for Administrative Remedy is denied.  In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of the date of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex, Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

_____                    /-5/8
P. Klein, Acting Warden                             Date

BP-A0327                    **RETURNED CORRESPONDENCE**

CDFRM APR 10

## U.S.  DEPARTMENT  OF  JUSTICE                    FEDERAL  BUREAU  OF  PRISONS

| TO: Susan Phasey | FROM: United States Penitentiary<br>Administrative Maximum<br>P.O. Box 8500<br>Florence, CO 81226-8500 |
|---|---|
| RE:   PHAM, Minh Quang<br>       Reg. No. 72016-054 | DATE:  November 14, 2017 |

SUBJECT:     Correspondence with Inmate Returned

Your correspondence to the above named inmate is being returned.    This
correspondence was not delivered to the inmate because the inmate is not approved to
correspond from you.

---

The rejection of this correspondence is in accordance with the Federal Bureau of
Prisons policy on "Correspondence" as published in Title 28 Code of Federal
Regulations, Part .540 and in the Federal Bureau of Prisons Program Statement on
correspondence.  You have the right to appeal this rejection by writing the Warden in
care of the above address.  The inmate to whom you addressed your correspondence has
been notified that this correspondence has been returned to you and of his or her right
to appeal the rejection.

Jack Fox, Complex Warden

Record Copy - Addressee (with Correspondence); Copy - Inmate; Copy - File
(with copy of Correspondence)

WDP                          Prescribed by P5800        Replaces BP-327(58) of FEB 84