

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 24, 2020

<u>Via ECF</u>
The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:   *United States v. Minh Quang Pham*
                **12 Cr. 423 (AJN)**

Dear Judge Nathan:

      Pursuant to the Court's order dated September 17, 2020, the parties jointly propose the attached Order and suggested next steps. In light of Pham's motion to vacate his conviction under 18 U.S.C. § 924(c) pursuant to the Supreme Court's decision in *United States v. Davis*, 588 U.S. ___, 139 S. Ct. 2319 (2019), the Government moved to vacate Pham's guilty pleas and convictions, and to reinstate all of the remaining viable charges of Indictment 12 Cr. 423 (AJN) against Pham in a letter motion dated August 14, 2020 (the "August 14 Letter"). The Government also notified the Court and defense counsel of the Government's intention to file additional charges, based on evidence obtained after Pham's guilty plea, related to his plot to perpetrate a suicide bombing at London's Heathrow International Airport. On September 11, 2020, Pham filed a letter stating that he did not object to the Government's application.

      First, for the reasons set forth in the Government's August 14 Letter, pursuant to the express terms of Pham's plea agreement, 18 U.S.C. § 3296, and the frustration-of-purpose doctrine, the Court should enter the attached order vacating Pham's guilty pleas to Counts Two, Three, and Five; nullifying the plea agreement upon vacating the convictions; and vacating the Court's order dismissing Counts One and Four of the Indictment.[1] The Court should also order Pham remanded pending trial on those charges, as there are no reasonable measures that can ensure the safety of the community and the appearance of the defendant in court. Pham consents to remand without prejudice to bring a future bail application. The parties agree that Pham need not be arraigned on the reinstated charges, and that no appearance is required at this time.

---

[1] The counts to be reinstated are: conspiring to provide material support to AQAP, in violation of 18 U.S.C. § 2339B ("Count One"); and receiving of military-type training from AQAP, in violation of 18 U.S.C. § 2339D ("Count Four").

The Honorable Alison J. Nathan, U.S.D.J.
September 24, 2020
Page 2

    Second, the Court should schedule a pretrial conference date, at which time the parties shall propose a schedule for discovery and pre-trial motion practice. Finally, the Court should exclude time under the Speedy Trial Act through the date of the pretrial conference, to allow Pham and his counsel to review any additional discovery and determine whether they plan to file any pretrial motions. Pham consents to the exclusion of time.

    Finally, as discussed in the August 14 Letter, the Government is proceeding to obtain the necessary approvals to seek a superseding indictment, adding charges against Pham based on additional evidence secured following his conviction and sentencing.

    Respectfully submitted,

    AUDREY STRAUSS
    Acting United States Attorney
    Southern District of New York

By: _____/S/_____
    Anna M. Skotko / David W. Denton, Jr.
    Assistant United States Attorneys
    (212) 637-1591/2744

Cc: Defense Counsel (via ECF)