```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X
                                 :
UNITED STATES OF AMERICA         :    SUPERSEDING INDICTMENT
                                 :
         - v. -                  :    S1 12 Cr. 423 (AJN)
                                 :
MINH QUANG PHAM,                 :
     a/k/a "Amin,"               :
                                 :
         Defendant.              :
                                 X
- - - - - - - - - - - - - - - - -
```

## COUNT ONE
### (Conspiracy to Provide Material Support to a Foreign Terrorist Organization)

The Grand Jury charges:

1. From at least in or about December 2010, up to and including in or about December 2011, in Yemen, the United Kingdom, and elsewhere, in an offense occurring in and affecting interstate and foreign commerce, and begun and committed outside of the jurisdiction of any particular State or district of the United States, MINH QUANG PHAM, a/k/a "Amin," the defendant, who was first brought to and arrested in the Southern District of New York, and others known and unknown, knowingly did combine, conspire, confederate and agree together and with each other to provide "material support or resources," as that term is defined in Title 18, United States Code, Section 2339A(b)(1), to a foreign terrorist organization, namely, al Qa'ida in the Arabian Peninsula ("AQAP"), which at all relevant times has been designated by the Secretary

of State as a foreign terrorist organization pursuant to Section 219 of the Immigration and Nationality Act ("INA"), and is currently designated as such as of the date of the filing of this Indictment.

2. It was a part and an object of the conspiracy that MINH QUANG PHAM, a/k/a "Amin," the defendant, and others known and unknown, would and did provide AQAP with material support and resources, to wit, services and personnel (including himself), knowing that AQAP was a designated terrorist organization (as defined in Title 18, United States Code, Section 2339B(g)(6)), that AQAP engages and has engaged in terrorist activity (as defined in section 212(a)(3)(B) of the INA), and that AQAP engages and has engaged in terrorism (as defined in section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989), in violation of Title 18, United States Code, Section 2339B.

(Title 18, United States Code, Sections 2339B(a)(1), (d)(1)(C), (E), and (F), and 3238.)

## COUNT TWO
**(Providing Material Support to a Foreign Terrorist Organization)**

The Grand Jury further charges:

3. From at least in or about December 2010, up to and including in or about December 2011, in Yemen, the United Kingdom, and elsewhere, in an offense occurring in and affecting interstate and foreign commerce, and begun and committed outside of the jurisdiction of any particular State or district of the United

States, MINH QUANG PHAM, a/k/a "Amin," the defendant, who was first brought to and arrested in the Southern District of New York, knowingly provided and attempted to provide material support or resources, as that term is defined in Title 18, United States Code, Section 2339A(b)(1), to wit, services and personnel (including himself), to a foreign terrorist organization, to wit, AQAP, which at all relevant times has been designated by the Secretary of State as a foreign terrorist organization pursuant to Section 219 of the INA, and is currently designated as such as of the date of the filing of this Indictment, knowing that AQAP was a designated terrorist organization (as defined in Title 18, United States Code, Section 2339B(g)(6)), that AQAP engages and has engaged in terrorist activity (as defined in section 212(a)(3)(B) of the INA), and that AQAP engages and has engaged in terrorism (as defined in section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989).

(Title 18, United States Code, Sections 2339B(a)(1), (d)(1)(C), (E), and (F), 3238, and 2.)

### COUNT THREE
### (Conspiracy to Receive Military-Type Training from a Foreign Terrorist Organization)

The Grand Jury further charges:

4. From at least in or about December 2010, up to and including in or about July 2011, in Yemen, the United Kingdom, and elsewhere, in an offense occurring in and affecting interstate and

3

foreign commerce, begun and committed outside of the jurisdiction of any particular State or district of the United States, MINH QUANG PHAM, a/k/a "Amin," the defendant, who was first brought to and arrested in the Southern District of New York, and others known and unknown, knowingly did combine, conspire, confederate and agree together and with each other to receive military-type training from and on behalf of AQAP, which at all relevant times has been designated by the Secretary of State as a foreign terrorist organization pursuant to Section 219 of the INA, and is currently designated as such as of the date of the filing of this Indictment.

5.  It was a part and an object of the conspiracy that MINH QUANG PHAM, a/k/a "Amin," the defendant, and others known and unknown, would and did receive military-type training from and on behalf of AQAP, knowing that AQAP was a designated terrorist organization (as defined in Title 18, United States Code, Section 2339D(c)(4)), that AQAP engages and has engaged in terrorist activity (as defined in section 212(a)(3)(B) of the INA), and that AQAP engages and has engaged in terrorism (as defined in section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989), in violation of Title 18, United States Code, Section 2339D.

<u>Overt Acts</u>

6. In furtherance of the conspiracy and to effect the illegal object thereof, MINH QUANG PHAM, a/k/a "Amin," the defendant, and others known and unknown, committed the overt acts set forth below:

  a. In or about December 2010, PHAM traveled from the United Kingdom to Yemen.

  b. In or about March and April 2011, PHAM possessed and carried a Kalashnikov rifle.

  c. In or about April 2011, PHAM worked with a United States citizen ("American CC-1") to create online propaganda for AQAP.

  d. In or about April 2011, PHAM met with a United States citizen ("American CC-2") in Yemen.

  e. In or about 2011, PHAM received instructions from American CC-2 to conduct a suicide bombing at Heathrow International Airport, including instructions to specifically target, among others, U.S. nationals on arriving flights.

  f. In or about 2011, PHAM constructed and detonated an explosive device as a test of the design of the explosive device to be used during PHAM's planned suicide attack.

  g. In or about July 2011, PHAM traveled to the United Kingdom in order to carry out the attack.

(Title 18, United States Code, Sections 371, 2339D(a), (b)(3), (b)(5) and (b)(6), and 3238.)

## COUNT FOUR
### (Receipt of Military-Type Training from a Foreign Terrorist Organization)

The Grand Jury further charges:

7.   From at least in or about December 2010, up to and including in or about July 2011, in Yemen, the United Kingdom, and elsewhere, in an offense occurring in and affecting interstate and foreign commerce, begun and committed outside of the jurisdiction of any particular State or district of the United States, MINH QUANG PHAM, a/k/a "Amin," the defendant, who was first brought to and arrested in the Southern District of New York, knowingly received military-type training from and on behalf of AQAP, which at all relevant times has been designated by the Secretary of State as a foreign terrorist organization pursuant to Section 219 of the INA, and is currently designated as such as of the date of the filing of this Indictment, knowing that AQAP was a designated terrorist organization (as defined in Title 18, United States Code, Section 2339D(c)(4)), that AQAP engages and has engaged in terrorist activity (as defined in section 212(a)(3)(B) of the INA), and that AQAP engages and has engaged in terrorism (as defined in section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989).

(Title 18, United States Code, Sections 2339D(a), (b)(3), (b)(5) and (b)(6), and 3238.)

## COUNT FIVE
### (Conspiracy to Bomb a Place of Public Use)

The Grand Jury further charges:

8. From at least in or about December 2010, up to and including in or about December 2011, in Yemen, the United Kingdom, and elsewhere, in an offense begun and committed outside of the jurisdiction of any particular State or district of the United States, MINH QUANG PHAM, a/k/a "Amin," the defendant, who was first brought to and arrested in the Southern District of New York, and others known and unknown, knowingly did combine, conspire, confederate, and agree together and with each other unlawfully to deliver, place, discharge, and detonate an explosive and other lethal device in, into, and against a place of public use and a public transportation system, with the intent to cause death and serious bodily injury, and with the intent to cause extensive destruction of such a place and system, and where such destruction resulted in and was likely to result in major economic loss, and (i) an intended victim of the offense was a national of the United States, and (ii) the offense was committed in an attempt to compel the United States to do or abstain from doing any act, to wit, PHAM conspired to conduct a suicide bombing at Heathrow International Airport, targeting, among others, nationals of the United States.

(Title 18, United States Code, Sections 2332f, (a)(2), (b)(2)(B), (b)(2)(D), and 3238.)

7

## COUNT SIX
### (Attempted Bombing of a Place of Public Use)

The Grand Jury further charges:

9. From at least in or about December 2010, up to and including in or about December 2011, in Yemen, the United Kingdom, and elsewhere, in an offense begun and committed outside of the jurisdiction of any particular State or district of the United States, MINH QUANG PHAM, a/k/a "Amin," the defendant, who was first brought to and arrested in the Southern District of New York, knowingly attempted to deliver, place, discharge, and detonate an explosive and other lethal device in, into, and against a place of public use and a public transportation system, with the intent to cause death and serious bodily injury, and with the intent to cause extensive destruction of such a place and system, and where such destruction resulted in and was likely to result in major economic loss, and (i) an intended victim of the offense was a national of the United States, and (ii) the offense was committed in an attempt to compel the United States to do or abstain from doing any act, to wit, PHAM attempted to conduct a suicide bombing at Heathrow International Airport, targeting, among others, nationals of the United States.

(Title 18, United States Code, Sections 2332f and 3238.)

## COUNT SEVEN
### (Conspiracy to Use a Weapon of Mass Destruction)

The Grand Jury further charges:

10. From at least in or about December 2010, up to and including in or about December 2011, in Yemen, the United Kingdom, and elsewhere, in an offense begun and committed outside of the jurisdiction of any particular State or district of the United States, MINH QUANG PHAM, a/k/a "Amin," the defendant, who was first brought to and arrested in the Southern District of New York, and others known and unknown, acting without lawful authority, knowingly did combine, conspire, confederate, and agree together and with each other to use a weapon of mass destruction, namely, a destructive device, as defined in Title 18, United States Code, Section 921, against a national of the United States while such national was outside the United States, to wit, PHAM conspired to conduct a suicide bombing at Heathrow International Airport, targeting, among others, nationals of the United States.

(Title 18, United States Code, Sections 2332a(a)(1) and 3238.)

## COUNT EIGHT
### (Attempted Use of a Weapon of Mass Destruction)

The Grand Jury further charges:

11. From at least in or about December 2010, up to and including in or about December 2011, in Yemen, the United Kingdom, and elsewhere, in an offense begun and committed outside of the jurisdiction of any particular State or district of the United

States, MINH QUANG PHAM, a/k/a "Amin," the defendant, who was first brought to and arrested in the Southern District of New York, acting without lawful authority, knowingly attempted to use a weapon of mass destruction, namely, a destructive device, as defined in Title 18, United States Code, Section 921, against a national of the United States while such national was outside the United States, to wit, PHAM attempted to conduct a suicide bombing at Heathrow International Airport, targeting, among others, nationals of the United States.

(Title 18, United States Code, Sections 2332a(a)(1) and 3238.)

### COUNT NINE
### (Use of a Destructive Device During and in Furtherance of a Crime of Violence)

The Grand Jury further charges:

12. In or about 2011, in Yemen, the United Kingdom, and elsewhere, in an offense begun and committed outside of the jurisdiction of any particular State or district of the United States, MINH QUANG PHAM, a/k/a "Amin," the defendant, who was first brought to and arrested in the Southern District of New York, during and in relation to a crime of violence for which he may be prosecuted in a Court of the United States, namely, the offenses charged in Count Six and Count Eight of this Indictment, knowingly used and carried a destructive device, and, in furtherance of those crimes, possessed a destructive device, and aided and abetted the same, to wit, PHAM constructed and detonated an explosive to test

the design of the device for use in his planned suicide bombing at Heathrow International Airport.

>(Title 18, United States Code, Sections 924(c)(1)(A), 924(c)(1)(B)(ii), 3238, and 2.)

### FORFEITURE ALLEGATIONS

13. As a result of planning and perpetrating Federal crimes of terrorism against the United States, as alleged in Counts One through Eight of this Indictment, MINH QUANG PHAM, a/k/a "Amin," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(G) and 2332b(g)(5), and Title 28, United States Code, Section 2461:

   a. all right, title, and interest in all assets, foreign and domestic;

   b. all right, title, and interest in all assets, foreign and domestic, affording a source of influence over AQAP;

   c. all right, title and interest in all assets, foreign and domestic, acquired and maintained with the intent and for the purpose of supporting, planning, conducting, and concealing a Federal crime of terrorism against the United States, citizens and residents of the United States, and their property; and

11

    d. all right, title and interest in all assets, foreign and domestic, derived from, involved in, and used and intended to be used to commit a Federal crime of terrorism against the United States, citizens and residents of the United States, and their property;

including, but not limited to, a sum of money representing the value of the property described above as being subject to forfeiture.

 (Title 18, United States Code, Sections 981(a)(1)(G) and 2332b(g)(5), and Title 28, United States Code, Section 2461.)

_____  
FOREPERSON

_____  
AUDREY STRAUSS  
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

MINH QUANG PHAM,
a/k/a "Amin,"

Defendant.

---

SUPERSEDING INDICTMENT

S1 12 Cr. 423 (AJN)

(18 U.S.C. §§ 371, 924(c), 2332a,
2332f, 2339B, 2339D, and 2.)

AUDREY STRAUSS
United States Attorney

*signature*

Foreperson