UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
:  12 Cr. 423 (AJN)
UNITED STATES OF AMERICA, :
:  REPLY DECLARATION IN SUPPORT
– against – :  OF DEFENDANT MINH QUANG
:  PHAM'S PRETRIAL MOTIONS TO
:  DISMISS COUNT 5-9, AND FOR
MINH QUANG PHAM, :  PRODUCTION AND IDENTIFICATION
   EXCULPATORY MATERIAL
             Defendant. :  (filed electronically)
--------------------------------------------------------x

     BOBBI C. STERNEHIM, pursuant to 28 U.S.C. §1746, hereby affirms under penalty of perjury:

     1. I am a lawyer, and I was appointed in April 2015 pursuant to the Criminal Justice Act ("CJA") to represent defendant Minh Quang Pham in the above-captioned case. I make this Reply Declaration in support of Mr. Pham's pretrial motions for an Order dismissing Counts Five, Six, Seven, Eight, and Nine of the Superseding Indictment (S-1), and the disclosure and identification of any and all exculpatory information and material, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and Rule 5(f), Fed.R.Crim.P.

     2. This Reply Declaration addresses the government's arguments in opposition to POINT II of Mr. Pham's pretrial motions, which seek dismissal of Counts Five through Nine because they are the product of a vindictive prosecution.

     3. On August 28, 2020, I informed the government that Mr. Pham was ready to be re-sentenced and requested that the government re-offer a plea to a 30-year cap.[1] The

---

[1] Mr. Pham was and remains willing to waive his in-person appearance and agree to enter his guilty plea and be sentenced via teleconference. That would have obviated the need to transfer him to 10-South at the Metropolitan Correctional Center, where he was detained from

government refused.  The government, in its opposition (ECF # 228), at 4, reduces that process to a conclusion that "negotiations proved unsuccessful."

4.  However, negotiations were "unsuccessful" only because the government, as it told me, lost its "appetite" for negotiating.  That was also well before the U.K. consented to the U.S.'s request to add Counts Five through Nine, which request was transmitted by the U.S. Embassy October 23, 2020, almost two months after Mr. Pham indicated his readiness to plead guilty.

5.  Previously, on January 29, 2020, the government had proposed a plea to a statutory maximum of 360 months, with a Guidelines range of 292-360 months.  Shortly thereafter, the nation (and the world) was abruptly paralyzed by the advent of the Covid-19 pandemic.  The pandemic's impact only amplified the considerable logistical difficulties inherent in communicating with Mr. Pham, who is incarcerated at ADX Florence under the restrictions attendant to the Special Administrative Measures ("S.A.M.'s") imposed upon him.

6.  Arranging legal calls has always been challenging and became increasingly more difficult during the pandemic.  After learning that the government did not oppose relief based on *Davis* and that the §924(c) conviction and corresponding 25-year sentence would be vacated, Mr. Pham was encouraged by the prospect that he might be eligible for a significant sentence reduction.  In that context, a disposition with a potential 30-year sentence – as opposed to a reduction of his initial 40-year sentence to 15 years in light of the elimination of the pre-existing Count Five – was daunting and disappointing.

---

his arrival in this county until transfer to ADX Florence.  Under that arrangement, Mr. Pham would have remained at ADX throughout. Now, with the MCC closed, it is uncertain where Mr. Pham would be housed if returned to New York.

7. The obstacles to communicating with Mr. Pham, aggravated by the pandemic, delayed his ability to process and accept the government's proposed offer. When he finally did, the government informed me it "no longer had an appetite" for the extending the offer previously made.

8. Also, appended to this Reply Declaration are the following Exhibits discussed in POINT I of the accompanying Memo of Law:

    Exhibit 1:    August 7, 2012 Affidavit of Benjamin Naftalis, Assistant United States Attorney for the Southern District of New York

    Exhibit 2:    *Outline of Facts*, Westminster Magistrates' Court, *United States v. Pham*.

WHEREFORE, it is respectfully requested that the Court grant Mr. Pham's Pretrial Motions in their entirety.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. 28 U.S.C. §1746. Executed October 27, 2021.

      /S/ Bobbi C. Sternehim
    BOBBI C. STERNHEIM