Case 1:12-cr-00423-RMB   Document 258   Filed 02/01/23   Page 1 of 4



*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 1, 2023

**By ECF**
The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: *United States v. Minh Quang Pham*
     S1 12 Cr. 423 (RMB)

Dear Judge Berman:

  The Government respectfully writes in response to the Court's January 25, 2023 Order (Dkt. 257) and the defendant's motion seeking to hold his change of plea hearing, currently scheduled for March 14, 2023, remotely via videoconference (Dkt. 256, the "Motion"). The defendant argues principally that Federal Rule of Criminal Procedure 43 permits remote felony pleas, provided the defendant knowingly and intelligently waives his presence; and that even though this District's standing order authorizing remote proceedings under the Coronavirus Aid, Relief, and Economic Security (CARES) Act has expired, *see* Standing Order M10-468, 20-MC-176 (the "Standing Order"), the CARES Act still authorizes a remote guilty plea if this Court and the Chief District Judge find the circumstances justify doing so. However, Rule 43 does not explicitly authorize remote felony pleas—as opposed to other types of proceedings, like misdemeanor pleas or noncapital sentencings—and, with the expiration of the Standing Order, there is no legal basis to hold a remote plea under the CARES Act. And while the Second Circuit has not directly answered that question, the Seventh Circuit, in similar circumstances, has explicitly held that Rule 43 does not authorize remote felony pleas. Accordingly, while the defendant's equitable arguments might have qualified as "in the interests of justice" under the CARES Act, there is no analogous catchall provision under Rule 43. In short, the Government's opposition to a remote change of plea hearing is not, as the defendant suggests, rooted in an "office policy"; rather, the Government objects to proceeding with the defendant's plea remotely in light of the current relevant legal authorities. Accordingly, and for the reasons set forth below, the defendant's motion should be denied and the change of plea hearing should be held in person.

  **I.** **Background**

  By way of brief background, on January 8, 2016, the defendant pled guilty, before the Honorable Alison Nathan, to Counts Two, Three, and Five of Indictment 12 Cr. 423 (Dkt. 3), which charged him with two terrorism offenses and using a firearm in relation to a crime of

The Honorable Richard M. Berman, U.S.D.J.
February 1, 2023
Page 2

violence.  On May 31, 2016, Judge Nathan sentenced the defendant to a term of 480 months' imprisonment, including a mandatory consecutive term of 360 months' imprisonment on Count Five.  In 2020, following the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), the parties agreed that *Davis* required vacatur of defendant's conviction on Count Five, which charged him with violating Title 18, United States Code, Section 924(c).  Thereafter, following unsuccessful plea negotiations, with the consent of both parties, on September 24, 2020, Judge Nathan vacated the defendant's convictions and nullified the plea agreement.  (Dkt. 188, 191).  On April 8, 2021, a grand jury sitting in this District returned superseding indictment S1 12 Cr. 423 (Dkt. 202).  Following pre-trial motions, on April 1, 2022, Judge Nathan issued an Opinion and Order, grant the defendant's motion to dismiss Count Nine of the superseding indictment and otherwise denying the defendant's pretrial motions.  (Dkt. 239).

Thereafter, the case was reassigned to this Court.  As reflected by the parties' subsequent status updates, the Government and the defendant reached a pre-trial resolution, and the defendant intends to enter a change of plea during the March 14, 2023 conference.

The defendant has been in custody since his extradition from the United Kingdom to the United States on or about February 26, 2015.  Following his sentencing in May 2016, he was transferred to the Administrative Maximum Bureau of Prisons facility in Florence, Colorado ("ADX Florence"), where he has since remained in custody.

## II.   Discussion

Whether a defendant's presence is required at a particular proceeding is governed by Rule 43.  Rule 43 states that, "the defendant must be present at … the initial appearance, the initial arraignment, and the plea."  Fed. R. Crim. P. 43(a).  "Presence," for purposes of Rule 43, means physical presence and is not satisfied by videoconference.  *United States v. Salim*, 690 F.3d 115, 122 (2d Cir. 2012).  Rule 43 does, however, include several narrow exemptions and waiver provisions.  *See* Fed. R. Crim. P. 43(b), (c).  These exceptions include, for example, permitting videoconference pleas for misdemeanor offenses, *see* Fed. R. Crim. P. 43(b)(2), or for a conference or hearing on a question of law, *see* Fed. R. Crim. P. 43(b)(3) (for example, the oral argument in this case on the defendant's motion to dismiss, *see* Dkt. 243).  However, Rule 43 does not explicitly authorize remote felony plea proceedings; unlike, for example, a noncapital sentencing proceeding, for which Rule 43 does authorize remote proceedings under certain circumstances.

The Second Circuit has not addressed whether Rule 43 authorizes a remote felony plea.  However, in a pre-CARES Act case, the Seventh Circuit held that a defendant could not affirmatively consent to a felony guilty plea by videoconference.  *United States v. Bethea*, 888 F.3d 864, 867 (7th Cir. 2018).  There, the district court held a combined plea and sentencing hearing via videoconference, where the defendant appeared remotely because he had serious health issues impairing his ability to appear in person.  *Id.* at 865.  Even though the Seventh Circuit was "sympathetic to the government's concerns that a defendant on appeal can complain of an accommodation that was for his benefit below," as the Government argued on appeal, the Seventh Circuit nonetheless reached the merits and found that "Rule 43(a) simply does not allow a defendant to enter a plea by videoconference."  *Id.* at 868.  In addition to rejecting the

The Honorable Richard M. Berman, U.S.D.J.
February 1, 2023
Page 3

Government's argument that the defendant had waived his claim by inviting the error, the Seventh Circuit also rejected the Government's argument that permitting the defendant to hold his plea and sentencing by videoconference neither affected his substantial rights nor was sufficiently egregious to impugn the fairness, integrity, or public reputation of judicial proceedings. The Seventh Circuit therefore found that holding the plea by videoconference *per se* constituted plain error, vacated the plea, and remanded the case to the district court for the plea and resentencing "in the physical presence of a judge." *Id.* Were the Second Circuit to agree with *Bethea*'s analysis, there would be nothing preventing the defendant here from appealing his conviction following a remote guilty plea. Moreover, the facts in *Bethea*—again, were the Second Circuit to adopt that reasoning—also cut against the defendant's argument that because Rule 43(a) and recent Second Circuit caselaw, *see United States v. Leroux*, 36 F.4th 115 (2d Cir. 2022), permits remote noncapital sentencings, that should apply to plea proceedings as well. That is because *Bethea* involved a combined plea and sentencing proceeding and, despite the remote sentencing being permissible, the plea still was not.

In the absence of explicit authorization in Rule 43 for such a plea proceeding, during the course of the COVID-19 pandemic, courts held such proceedings pursuant to the statutory authority under Section 15002 of the CARES Act. Section 15002(b)(2)(A) provides, in relevant part, that:

> [T]he chief judge of a district court covered by the finding (or, if the chief judge is unavailable, the most senior available active judge of the court or the chief judge or circuit justice of the circuit that includes the district court) specifically finds, upon application of the Attorney General or the designee of the Attorney General, or on motion of the judge or justice, that felony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety, ***and*** the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice, the plea or sentencing in that case may be conducted by video teleconference, or by telephone conference if video teleconferencing is not reasonably available.

(emphasis added). As noted above, the requirements of Section 15002(b)(2)(A), one of which is the Chief Judge's finding, are listed in the conjunctive—*i.e.*, both requirements must be met. Contrary to the defendant's assertion, *see* Mot. at 6-8, the first requirement cannot be met. This is because on November 19, 2022, the Standing Order, which authorized remote proceedings under Section 15002 of the CARES Act, expired. *See* Standing Order M10-468, 20-MC-176. Put differently, even if the District Court here were inclined to make the requisite finding, the Chief Judge of this District has not renewed the Standing Order, meaning that the CARES Act does not authorize a remote plea in this District regardless.

The Honorable Richard M. Berman, U.S.D.J.
February 1, 2023
Page 4

In support of his errant argument that, despite the expiration of the Standing Order, the CARES Act still can authorize a remote plea, the defendant cites *United States v. Leroux*, 36 F.4th 115 (2d Cir. 2022). *Leroux* is inapposite because it related to a remote sentencing. Importantly, and beyond that, Rule 43 provides for remote noncapital sentencings, unlike remote felony pleas. In effect, a remote sentencing can proceed under certain circumstances *without* the CARES Act because Rule 43 already provides for such a proceeding. Not so for remote felony pleas, which are not explicitly authorized in Rule 43, and for which courts in this District have relied on authorization under the now-expired CARES Act.

The defendant's equitable arguments do not alter the analysis. The Government is not insisting on "inflicting [the defendant] with the very conditions that have caused, and continue to activity, his PTSD …." (Mot. at 11). Nor is the Government opposing the defendant's request for a remote proceeding because of an "office policy." (Mot. at 14-15). While the rationales the defendant offers for proceeding remotely may well have qualified as sufficient "in the interests of justice" under the CARES Act, with the expiry of this District's Standing Order, there is no analogous provision in Rule 43 authorizing a remote plea for such reasons. The Government's objection to proceeding remotely is instead based on the current relevant legal authorities.

### III.    Conclusion

For the reasons set forth above, the Court should deny the Motion and require that the defendant's plea be entered in person.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

By:  /s/
     David W. Denton, Jr.
     Jacob H. Gutwillig
     Assistant United States Attorneys
     (212) 637-2744 / -2215

Cc: Defense Counsel (ECF)