LAW OFFICES OF
## DRATEL & LEWIS

29 BROADWAY
Suite 1412
NEW YORK, NEW YORK 10006
—
TELEPHONE (212) 732-0707
FACSIMILE (212) 571-3792
E-MAIL: jdratel@dratellewis.com

JOSHUA L. DRATEL
LINDSAY A. LEWIS                                                    FATOUMATA MAGASSA
—                                                                              *Paralegal*
AMY E. GREER

February 3, 2023

**BY ECF**

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
Daniel P. Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

              Re:   *United States v. Pham*,
                     12 Cr. 423 (RMB)

Dear Judge Berman:

      This letter is respectfully submitted on behalf of defendant Minh Quang Pham, whom Bobbi C. Sternheim, Esq., and I represent in the above-entitled matter, in Reply to the government's February 1, 2023, letter (ECF # 258) ("Gov't Letter") opposing Mr. Pham's January 20, 2023, letter request (ECF # 256) ("Letter Application") that his guilty plea proceeding be conducted remotely via videoconference.

      The government's letter addresses but one of the several issues raised by Mr. Pham: only whether Rule 43(a) "explicitly authorize[s]" a remote plea proceeding. Gov't Letter, at 1. Curiously, the government stops there without confronting any of the remaining dispositive issues, including:

- whether a defendant can waive his right to be present – pursuant to either Rule 43(a) or applicable constitutional provisions – for a guilty plea proceeding just as he can for his presence with respect to other subsections within that very same Rule 43(a). *See* Letter Application, at 2-6;

- the Second Circuit and District Court cases within the Circuit that have affirmed and/or conducted remote guilty plea proceedings and validated a defendant's waiver of the right to be present. *See* Letter Application, at 4-5;

<table>
<tr><td>LAW OFFICES OF<br>**DRATEL & LEWIS**</td><td>Hon. Richard M. Berman<br>United States District Judge<br>Southern District of New York<br>February 3, 2023<br>Page 2 of 4</td></tr>
</table>

- the government's own consent in writing to a remote guilty plea for a defendant in another case. *See* Letter Application, at 5, and Exhibit 1 thereto;

- whether the CARES Act – as an independent basis for a remote proceeding herein – permits an individualized case-specific determination by the Chief Judge and the Judge assigned to a particular case that a remote proceeding is appropriate. *See* Letter Application, at 6-8; and

- how the government's unreasonable delay in providing a written plea agreement created the current problem in the first place. *See* Letter Application, at 14-15.

Indeed, it is extraordinary that the government refuses to address waiver when it is the government that regularly cites it as a basis for a defendant's forfeiture of statutory or constitutional rights. The question is not Rule 43(a)'s explicit language; otherwise, sentencings or presentments could not be conducted remotely. The question – unanswered by the government for obvious reasons – is whether a competent waiver (as described in innumerable cases) suffices. *See also* Letter Application, at 2-6.

Here, Mr. Pham offers a knowing, intelligent, categorical, and unambiguous waiver in whatever form the Court requires. Counsel also offer to have one of us physically present with Mr. Pham at ADX Florence. *See* Letter Application, at 2. The government fails entirely to attempt to explain why that would not be sufficient to satisfy Rule 43(a) and the constitution under prevailing law.

The government cites *United States v. Bethea*, 888 F.3d 864, 867 (7th Cir. 2018), in which the Court "rejected the Government's argument that permitting the defendant to hold his plea and sentencing by videoconference neither affected his substantial rights nor was sufficiently egregious to impugn the fairness, integrity, or public reputation of judicial proceedings." Gov't Letter, at 3. Yet that ignores *clear Second Circuit law*, discussed in Mr. Pham's Letter Application, at 3, that even an inadequate waiver of the right to be present did not affect the defendant's substantial rights.

Regarding the CARES Act, which, as Mr. Pham's Letter Application, at 6-7, notes is not a necessary predicate for a remote proceeding herein (but rather an independent basis), the government's reading of the statutory language does not make sense. If the language of §15002(b)(1), which provides that "the chief judge of a district court . . . on motion of the judge or justice, may authorize the use of video teleconferencing[,]" is to possess any meaning, "the judge" that makes the motion cannot be the Chief Judge herself but instead refers to the Court presiding in a particular case.

LAW OFFICES OF
**DRATEL & LEWIS**

Hon. Richard M. Berman
United States District Judge
Southern District of New York
February 3, 2023
Page 3 of 4

    Not only is the "judge" defined differently than "chief judge" in the very same section of the statute, but the government's interpretation would render superfluous the quoted language regarding a "motion," a result precluded by the rules of statutory construction. *See, e.g.*, *TRW, Inc. v. Andrews*, 534 U.S. 19, (2001) ("[i]t is 'a cardinal principle of statutory construction' that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant'"), *quoting Duncan v. Walker*, 533 U.S. 167, 174 (2001) (internal quotation marks omitted) (other citations omitted).[1]

    Also, the government claims that it is not "opposing the defendant's request for a remote proceeding because of an 'office policy.'" Gov't Letter, at 4. Yet in a November 21, 2022, email, a copy of which is attached hereto as Exhibit 1 (with personal identifying information redacted), Assistant United States Attorney David W. Denton, Jr. wrote to defense counsel, "we've received *unequivocal policy guidance* to oppose remote plea proceedings, so it's unlikely we'll be able to consent to it." (Emphasis added.)

    In light of the particular circumstances of this case, as well as the "current relevant legal authorities," Gov't Letter, at 4 – which, as discussed **ante**, the government for the most part ignores entirely – that opposition is both intransigent and indefensible.[2] Not only would Mr.

---

  [1] If the CARES Act is ambiguous with respect to this issue, the rule of lenity would apply, and Mr. Pham's interpretation would prevail. *See Wooden v. United States*, ___ U.S. ___, 142 S. Ct. 1063, 1084 (2022) (Gorsuch, J., *concurring*) ("if there is such an ambiguity in a penal statute *as to leave reasonable doubts of its meaning*, it is the duty of a court not to inflict the penalty." *Id.* at 1084 (emphasis added) (*quoting* J. Sutherland, *Statutes and Statutory Construction*, §353, p. 444 (1891)).

  [2] Even if the government were correct with respect to the law, the doctrine that the strict application of the law must yield if it results in a manifest injustice – especially when an alternative exists that is not prejudicial to either party, or offensive to justice – is as old as recorded law itself. For example, "Talmudic jurisprudence attempted to remedy that anomalous situation by developing various principles of equity, among which that of *Lifnim meshurat hadin* or "beyond the strict line of the law" exemplifies the preference displayed for following moral dictates rather than legal precedents." James A. Diamond, Talmudic Jurisprudence, Equity, and the Concept of *Lifnim Meshurat Hadin*, Osgood Hall Law Journal, Vol. 17, Number 3, at 616 (November 1979), available at https://bit.ly/3HUWfbd. *See also id.*, at 620 ("[s]trict application of the law may result in judgments of such a harsh nature that society would not be able to sustain them"). The government fails to recognize that fundamental principle here, and instead inexplicably opts for a result that would completely undermine six years of Mr. Pham's rehabilitation.

LAW OFFICES OF
**DRATEL & LEWIS**

Hon. Richard M. Berman
United States District Judge
Southern District of New York
February 3, 2023
Page 4 of 4

Pham lose six years of hard work and committed effort toward his rehabilitation, but society and the criminal justice system as a whole would suffer by effectively reversing all the progress Mr. Pham has made while incarcerated. *See also* Letter Application, at 8-12.

    The means exist to avoid that counterproductive and unfair outcome. The undisputed benefits of preserving and continuing Mr. Pham's rehabilitation eclipses any "policy," particularly when such "policy" is entirely inconsistent with the government's past practice (as set forth in Mr. Pham's Letter Application, at 5). Nor does the alternative prejudice the government in any way (and the government has not articulated any prejudice).

    Indeed, it is mystifying not only why the government does not see value in the continuity and ultimate success of Mr. Pham's rehabilitation (and continued incentive therefor), but also why it so vigorously endeavors to undermine it and contravene by its position the very purposes of sentencing enumerated in 18 U.S.C. §3553(a).[3]

    Accordingly, for all the reasons set forth above, as well as in Mr. Pham's initial January 20, 2023, letter application, it is respectfully requested that the Court conduct Mr. Pham's March 14, 2023, guilty plea proceeding remotely. As noted above, Mr. Pham agrees to waive his physical presence in whatever manner the Court requires, and counsel commit to one of us being physically present with Mr. Pham during the proceeding if the Court so directs.

    Respectfully submitted,

*Joshua L. Dratel* (signature)

Joshua L. Dratel

*Bobbi C. Sternheim* (signature)

Bobbi C. Sternheim

JLD/
Encl.

---

[3] While the doctrine of *laches* is generally not available against the government, the delay solely attributable to the government that has created this issue certainly should be factored into fashioning a solution.