LAW OFFICES OF
# DRATEL & LEWIS

29 BROADWAY
Suite 1412
NEW YORK, NEW YORK 10006
—
TELEPHONE (212) 732-0707
FACSIMILE (212) 571-3792
E-MAIL: jdratel@dratellewis.com

JOSHUA L. DRATEL
LINDSAY A. LEWIS
—
AMY E. GREER

FATOUMATA MAGASSA
*Paralegal*

March 31, 2023

**BY ECF**

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
Daniel P. Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/4/23

      Re: *United States v. Pham*,
         12 Cr. 423 (RMB)

Dear Judge Berman:

  This letter is respectfully submitted on behalf of defendant Minh Quang Pham, whom Bobbi C. Sternheim, Esq., and I represent in the above-entitled matter. Based on communications with the government, Mr. Pham proposes the following with respect to his intention to plead guilty to a Superseding Information in this matter:

  (1) that Mr. Pham's change of plea proceeding, at which he will plead guilty to a Superseding Information, be conducted remotely via videoconference with Mr. Pham remaining at his current place of confinement, the Administrative Maximum facility in Florence, Colorado ("ADX");

  (2) that Mr. Pham will waive in writing and on the record during the proceeding:

    (a) any right under Rule 43, Fed.R.Crim.P., as well as the Fifth and Sixth Amendments to the U.S. Constitution, and any other statutory provision or Rule, to be physically present at the change of plea proceeding; and

    (b) any right to appeal on any ground – including Rule 43, the Fifth and Sixth Amendments, and/or any other statutory provision or Rule – the conducting of the change of plea proceeding remotely; and

LAW OFFICES OF
**DRATEL & LEWIS**

Hon. Richard M. Berman
United States District Judge
Southern District of New York
March 31, 2023
Page 2 of 3

> (3)    that one of Mr. Pham's counsel will be physically present at ADX with Mr. Pham during the change of plea proceeding.

The government has informed counsel that while it continues to oppose Mr. Pham's change of plea proceeding being conducted remotely, it will not appeal or seek mandamus from any decision by the Court to conduct the proceeding remotely. The government also concurs with items (1) through (3) above should the Court grant Mr. Pham's application to conduct the proceeding remotely.

Accordingly, Mr. Pham renews his application to have his change of plea proceeding conducted remotely by videoconference. In addition to the reasons set forth in counsel's January 20, 2023 (ECF # 256) and February 3, 2023 (ECF # 259) letters, in December 2022, the Second Circuit, in *United States v. Patterson*, ___ Fed.App'x ___, 2022 WL 1785627 (Dec. 22, 2022), affirmed a conviction in which a government witness at trial was permitted to testify by video.

In rejecting the appellants' argument that such testimony violated their Sixth Amendment right to confrontation, the Court in *Patterson* reaffirmed the Second Circuit's previous holding in *United States v. Gigante*, 166 F.3d 75 (2d Cir. 1999), that "a trial court may allow testimony via two-way video provided that the court make a finding that there are exceptional circumstances (which included in that case the unavailability of the witness), and that testimony via two-way video would further the interests of justice." 2022 WL 1785627, at *4, *citing Gigante*, 166 F.3d at 81. The Court in *Patterson* added that the "two-way video safeguarded 'the reliability of the evidence by subjecting it to rigorous adversarial testing.'" 2022 WL 1785627, at *5, *quoting Maryland v. Craig*, 497 U.S. 836, 857 (1990).[1]

Here, in light of the information provided in counsel's prior letters, it is respectfully submitted that "exceptional circumstances" exist here to justify proceeding by videoconference, and that a proceeding conducted via videoconference "would further the interests of justice." In that context, certainly if a *jury trial* can tolerate testimony by videoconference without compromising Sixth Amendment rights, a remote change of plea proceeding in which the defendant will waive all challenges thereto, passes muster under any standard.

---

[1] In *Patterson*, the Court further confirmed that Sixth Amendment Confrontation Clause violations are subject to harmless error analysis. 2022 WL 1785627, at *4, *citing United States v. Vitale*, 459 F.3d 190, 195 (2d Cir. 2006).

LAW OFFICES OF
**DRATEL & LEWIS**

Hon. Richard M. Berman
United States District Judge
Southern District of New York
March 31, 2023
Page 3 of 3

  Accordingly, Mr. Pham respectfully renews his application that his change of plea proceeding be conducted remotely via videoconference pursuant to the conditions set forth above. As noted above as well, we understand that the Government continues to oppose this application, for the reasons set forth at ECF # 258 and on the record during the March 7, 2023, pretrial conference.

                Respectfully submitted,

                *[signature]*

                Joshua L. Dratel

                *Bobbi C. Sternheim*
                Bobbi C. Sternheim

JLD/

---

*Handwritten order:*

Application for remote proceeding granted on the conditions set forth in this letter. Counsel to contact chambers re: proposed date and time for proceeding.

SO ORDERED:
Date: 4/4/23

*[signature] Richard M. Berman*
Richard M. Berman, U.S.D.J.